THE PEOPLE ex rel. WILLIAM DARGIN, Respondent, v. DAYTON T. COX, Police Justice, etc., Appellant.

Under the provision of the charter of the village of Port Jervis (§ 40, chap. 370, Laws of 1873), giving to the police justice of said village the jurisdiction, powers and authority of the justices of the peace of the town in which the village is situated, with "jurisdiction to hear and determine all cases arising under the charter, by-laws or ordinances," the jurisdiction in the class of cases last specified is to be exercised in the same manner as in cases before justices of the peace.

In an action, therefore, for a violation of an ordinance of said village, *held*, that defendant was entitled to demand and have a jury, as on trial before a justice of the peace.

(Submitted December 16, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, reversing a judgment of Special Term which affirmed a judgment of respondent as police justice of the village of Port Jervis, which was brought up for review by *certiorari*, and reversing also the judgment last mentioned.   (Reported below, 9 Hun, 146.)

An action was brought by said village against the relator, William Dargin, before defendant, to recover a penalty

imposed by an ordinance of the trustees of said village. The relator demanded a trial by jury, which was denied.

*Thomas J. Lyon*, for appellant. The appellant had jurisdiction both of the subject-matter of the action and the relator's person and had the absolute right to hear and determine the action and to refuse the relator a trial by jury. (Laws 1873, chap. 370, § 40; *Sill* v. *Vil. of Corning*, 15 N. Y., 297; *Met. Bd. of Health* v. *Heister*, 37 id., 661; *Braddon* v. *Avery*, 22 id., 469, 471; *People ex rel. Creegan* v. *Dutcher*, 4 N. Y. Sup. Ct., 391.) The constitutional provision that a citizen cannot be deprived of his property with out due process of law does not necessarily imply that all trials in the State courts must be by jury. (*Walker* v. *Suivant*, 13 Alb. L. J., 313; *McNear* v. *Woodruff*, 33 N. J. L., 213; *Johnson* v. *Barclay*, 1 Harr. [N. J.], 1; Dil. on Mun. Cor., 356, notes 1, 2; id., 357; *Byers* v. *Comm.*, 42 Penn. St., 89.)

*Allerton & Mills*, for appellant. The relator was entitled to have his case tried by a jury. (Laws 1873, chap. 370, § 40; 2 Edm. Stat. [2d ed.], 235, § 53; id., 295, §§ 93, 94.) The act of 1873 (chap. 370) so far as it deprives a party of the right to a trial by jury is unconstitutional. (Const., 1777, § 41; Const. 1846, art. 1, § 2; *Wood* v. *City of B'klyn*, 14 Barb., 425, 432; *People* v. *Toby*, 11 How., 336; *Deyo* v. *Rood*, 3 Hill, 527; *Craft* v. *Leander*, 11 Wend., 143; *Strong* v. *Stebbins*, 5 Cow., 20, 678; 55 Barb., 168; 51 id., 459.)

CHURCH, Ch. J. This was an action for the violation of an ordinance of the village of Port Jervis, and the only question presented is whether the relator was entitled to demand and have a jury as on trials before a justice of the peace. The question depends upon the construction of the following provision in the charter.

" § 40. The police justice shall, in said village, possess all the jurisdiction, powers and authority, be subject to the

same requirements, duties and liabilites within said village in all respects as are or may be by law vested in or required of the justices of the peace, in the town of Deerpark, and he shall have jurisdiction to hear and determine all cases arising under the charter, by-laws or ordinances of said village. But in case of the temporary absence or inability of said police justice to perform the duties of that office, the same may be performed by a justice of the peace of the town of Deerpark."

The section clothes the police justice with the jurisdiction, powers, and authority of justices of the peace of the town in which said village is situated, and subjects him to the same requirements, duties and liabilities, and adds " and he shall have jurisdiction to hear and determine all cases arising under the charter, by-laws, or ordinances of said village." We concur with the General Term that the section should be construed, so that jurisdiction is to be exercised in the class of cases last specified in the same manner as in cases tried before justices of the peace. The jurisdiction in village cases may have been conferred for greater certainty, and to prevent any question as to the authority possessed by the police justice. The language does not indicate a distinction in the manner of exercising jurisdiction in such cases from that in all others, and we cannot suppose that the Legislature intended any such distinction. It would require express and clear language on the part of the Legislature to indicate a purpose to dispense with the right of trial by the statutory jury in those tribunals in any class of cases. The power to hear and determine should not be construed in a strictly literal sense, but with reference to the occasion, and subject matter. Suppose jurisdiction should be conferred upon justices of the peace, to hear and determine a class of cases not before permitted, no one would doubt but the power must be exercised in the form and manner provided for all other cases, unless otherwise specifically expressed, and this is the rule in respect to a new power or jurisdiction conferred upon any court or officer. It must be exercised according to the

Statement of case.

practice of the court, and the the laws applicable to same. The general law regulating the mode of doing business in justices courts, and the right to a jury, applies to all cases, and it is manifest that the police justices of Port Jervis, can administer justice in no other or different mode from that prescribed for ordinary justices of the peace, and when the Legislature intend to create a distinction, they will I apprehend express such intention in clear terms.

The judgment of the General Term must be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.