---

## Supreme Court—General Term—Third Department.

### *May,* 1884.

## PEOPLE *ex rel.* EVANS *v.* McEWAN.

COMMITMENT.—JUDGMENT OF COURT, NOT MITTIMUS, HOLDS PRIS-ONER.—CODE CRIM. PRO. §§ 471, 717, 722, 724, 725. —CODE CIV. PRO. § 2031.

All facts in a return to a writ of *habeas corpus* not traversed, are taken to be true.

A prisoner who has been properly and legally sentenced cannot be released because there is an imperfection in what is commonly called the *mittimus.*

A prisoner is held in custody upon the judgment of the court, not upon the *mittimus.*

The decision in People *ex rel.* Trainor *v.* Baker, 89 *N. Y.* 460, applies to courts not of record.

When a prisoner pleads guilty no conviction is necessary; there is nothing for the court to do but to pronounce sentence.

APPEAL by John McEwan, as superintendent, &c. defendant, from an order made by Hon. ANTHONY GOULD, Recorder of

Albany, of August 26, 1883, discharging the prisoner and relator Edward Evans, from custody.

The prisoner on May 9, 1883, pleaded guilty before F. W. Downs, Recorder of Binghamton, to an assault in the third degree, and was thereupon sentenced to be imprisoned in the Albany penitentiary for six months.

On August 16, 1883, prisoner sued out a writ of *habeas corpus* before the recorder of Albany, asking for his discharge, upon the ground that the mandate in the hands of the superintendent of the penitentiary was not a copy of the record of conviction. The return of the respondent sets forth that the relator was detained in the penitentiary by virtue of a warrant, a copy of which was attached to the return, "and also by virtue of a judgment of conviction for the crime of assault in the third degree, by the recorder of the city of Binghamton, in having, on May 8, 1883, at the city of Binghamton, beaten, struck and assaulted one A. Levine." The return of the respondent was not traversed. The recorder of Albany ordered the discharge of the relator. Upon what ground the order was made does not appear. From that order this appeal is taken.

*D. Cady Herrick*, district attorney, for defendant, appellant.—I. The record shows a conviction for a crime by a competent court, and shows that the court had jurisdiction of the person and of the offense charged, and the imposition of a sentence which it had jurisdiction to impose. The return was not traversed, and therefore must be taken as true. Matter of Da Costa, 1 *Park. Cr.* 129; People *ex rel.* Catlin *v.* Neilson, 16 *Hun*, 214–216. Under the circumstances, it was the plain duty of the court below to remand the prisoner. *Code Civ. Proc.* § 2032. The only legitimate inquiry is, whether the court had jurisdiction of the person and of the offense. That being so, no insufficiency of the record in point of form will justify the discharge of the prisoner. People *ex rel.* Catlin *v.* Neilson, *supra.* The petition itself sets forth a good and sufficient record of conviction; it shows a conviction by a court having jurisdiction of the person and of the offense. There was no insufficiency in the record. It was substantially

that provided for by section 721, Code of Criminal Procedure. It is also the form specially provided by chapter 291, Laws 1867, volume 1, page 608, section 7.

II. The only point made in the petition is, that the mittimus is not a copy of the record of conviction. It is not the mittimus that holds the prisoner in custody, but the judgment of the court. People *ex rel.* Trainor *v.* Baker, 89 *N. Y.* 460–465. In the case at bar, as in the case of Baker above cited, the writ of *habeas corpus* " commanded him to return the cause of his imprisonment and detention." The return shows that it is the judgment of a court that the defendant holds him upon, and the petition for the writ shows the same thing. "It is the judgment of the court which authorizes the detention, and that can always be shown in justification of the detention." People *ex rel.* Trainor *v.* Baker, *supra.* If the mittimus had been decided to be insufficient, proof could have been given of the judgment. In the case at bar, the relator makes that proof himself, by furnishing as a part of his petition a certified copy of the record of conviction.

*Galen R. Hitt,* attorney, for relator.—I. The recorder of Binghamton had no jurisdiction to try the charge (assault in the third degree) before himself summarily, for such offenses by the charter of Binghamton (*Laws* 1867, ch. 291, tit. 5, § 7), and by the Code of Criminal Procedure (§ 56) can only be tried by a court of Special Sessions, subject to the power of removal contained in said section 56. The charter provides that, " The recorder or any justice of the peace, acting as such, may hear, try and determine in a summary way, any complaint for any violation of the laws of the state or the provisions of title twelve of this act, or of the ordinances of the city (of Binghamton) in any case where the right to trial by jury is not guaranteed by the constitution. But in all cases in which such right is guaranteed he shall set as a court of Special Sessions." The section 56 of the Code reads: "Subject to the power of removal provided for in this chapter, courts of Special Sessions, except in the city and county of New York and the city of Albany, have in the first instance exclusive jurisdiction to hear

and determine charges of misdemeanors committed within their respective counties," which expressly includes assault in the third degree. This trial not having been before a Court of Special Sessions no legal punishment could follow.

II. The special law (charter of Binghamton) section 7, requires that a record of conviction shall be filed with the clerk of Broome county, and is substantially the same as required by section 721 of the Code of Criminal Procedure; and section 722 of the Code provides : " If the defendant have pleaded guilty " . . . the certificate must state substantially as follows : "And the above named A. B. having been thereupon duly convicted upon his plea of guilty." Every provision of law requires that a certificate or record shall be filed, and section 724 of the Code provides that such certificate or a certified copy thereof is conclusive evidence of the facts stated therein.

III. The recorder filed a record or certificate. That is by section 724 of the Code conclusive evidence of what was done by or before him, with reference to the charge against the plaintiff. It fails to show that the prisoner was arraigned before a court of Special Sessions, or that any act was done or step taken in such a court. It does show that the recorder acted as such summarily; that before him as an individual, and not as a justice of the Special Sessions, the prisoner was brought. As such, he stated the charge in open court, and that before him as such recorder the prisoner pleaded guilty. This record being conclusive shows an entire want of jurisdiction.

IV. Section 725 of the Code, and that is the only law, special or general, that can be found defining the manner of executing a judgment of these inferior courts, provides that " the judgment must be executed by the sheriff, etc. . . . . upon receiving a copy of the certificate prescribed in section 721 certified by the court or county clerk."

V. Now it clearly appears that the paper returned by the defendant as his authority for executing the judgment and imprisoning the plaintiff, is not in form or substance in any respect a copy of such certificate. It purports to recite a conviction before another tribunal, to wit: a court of Special Sessions of which there is no record or certificate.

VI. It is also urged, that there was no record, certificate, commitment or evidence offered by the defendant before the recorder of Albany, that showed or purported to show that the plaintiff had ever been convicted, or adjudged guilty of assault or of any other offense.

The certified copy of the record which plaintiff produced in his petition, and the commitment returnd by defendant, both fail to show a judgment of conviction. They show that he was brought before the recorder, charged with an assault, etc.; that he pleaded guilty. They then pass to assume that upon such commitment, etc. What commitment? They leave out what the law requires shall be in every record or commitment, and what must appear in every case, before a person's liberty can be taken away, viz: an allegation that he was in fact convicted and adjudged to be guilty. A plea is not conviction or acquittal; judgment of conviction proceeds from the court, and is not received by the court from the defendant; and section 722 of the Code is entirely ignored.

VII. In conclusion, it is claimed that it was the duty of the recorder to examine into all questions as to the legality of the imprisonment. And if he was satisfied that any requirement was wanting, or that any defect appeared, to show an illegal imprisonment, it then became his duty to discharge, whether the question was raised by the petition or not.

LEARNED, P. J.—Upon the return having been made to a writ of *habeas corpus*, the court is to examine into the facts alleged in the return. *Code Civ. Pro.* § 2031. If there is no traverse of those facts, they must be taken as true. Matter of Da Costa, 1 *Park. Cr.* 129 ; People *ex rel.* Catlin *v.* Neilson, 16 *Hun*, 214.

Therefore, in the present case we are to look at the return made to the writ, and not at the affidavits upon which the writ was obtained. Everything not admitted is expressly denied in the return. The return states that the superintendent holds the relator by virtue of a warrant, a copy of which is annexed, and by virtue of a judgment of conviction for the

crime of assault in the third degree, by the recorder of Binghamton, etc.

The relator insists that the recorder had not jurisdiction to try the charge before himself summarily, but must sit as a court of Special Sessions (*L.* 1867, ch. 291, tit. 5, § 7), and he insists that this trial was not before a court of Special Sessions. But the warrant expressly recites the holding of a court of Special Sessions and the trial of the relator at the same.

Next, the relator asserts that the recorder filed a certificate or record (see the section aforesaid and Code of Criminal Procedure, § 724), and that such certificate shows that the recorder acted summarily and not as a court of Special Sessions.

To this we have to say that the return does not set forth the certificate, and there is no admission that the certificate set forth in the petition is correct. Furthermore, on looking at section 7 above cited, the form is given which the certificate shall substantially have, when the recorder is sitting as a court of Special Sessions or otherwise. That form is followed in the copy set forth in the petition.

Next, it is said that section 725, Code Criminal Procedure, directs that the judgment be executed upon the sheriff, etc., receiving a copy of the certificate, and that the warrant under which the relator is held is not a copy of the certificate.

Now it is pointed out in People *ex rel.* Trainor *v.* Baker, 89 *N. Y.* 460, that a prisoner who has been properly and legally sentenced to prison, cannot be released, simply because there is an imperfection in what is commonly called the mittimus ; that if the prisoner is safely in the proper custody, there is no office for a mittimus to perform. The return states that the prisoner was held by a judgment of conviction, etc. Now we are either to take that as true, in which case the prisoner is properly detained, or we must suppose that the certificate, of which a copy is attached to the petition, is assumed to be the certificate filed by the recorder. In that case, we have seen that the form is substantially according to that set forth in section 7 above recited.

One further objection is made. The certificate states that the prisoner pleaded guilty, and proceeds, "whereupon said recorder, upon such conviction, did sentence," etc., and the objection is taken that neither the certificate nor the warrant, after stating a plea of guilty, do in so many words say that the prisoner was convicted. The papers only mention the conviction by way of recital. We think that this objection is hypercritical. After a plea of guilty, there is nothing further for a court to do than to pronounce sentence. The plea of guilty is like the verdict of guilty. *Code Crim. Pro.* § 471.

There is no duty in the court to "convict," but only to sentence. If the prisoner pleaded not guilty, and if he were tried without a jury, then the court would find him guilty or not guilty; but when he pleads guilty, there is nothing for the court to find.

To this effect is section 717 of the Code Criminal Procedure, "When a defendant pleads guilty, or is convicted, either by the court or by a jury." This shows that when he pleads guilty it is not necessary that there should be any conviction. The subsequent section, 722, gives a form which need only be followed substantially.

We think the order appealed from should be reversed, and the prisoner remanded to the penitentiary.

BOARDMAN and BOCKES, JJ., concur.