Barnard, P. J.
The recorder of the village of Port Jervis is, for the purposes of civil trials within the village, a justice of the peace of the town of Benpark. Chap. 370, Laws of 1873. People ex rel., etc., v. Dorgan, 76 N. Y., 47. The appeal from the judgment, as if rendered by a justice of the peace, was proper.
The motion to dismiss the appeal because a writ of certiorari was not obtained to review the judgment, was properly denied.
Upon the merits the case is not plain. It was probably plain enough to the trial court, but without a map and without a knowledge of the locality, it is not certain that the appellate court can apply thó evidence properly to the issue tried. The village sued for an obstruction or encroachment upon Water street, made by defendant.
It was admitted on the trial that the defendant had erected a fence across a street ‘"where Water street would be if that street was where it is claimed to be by the plaintiff.” The sole issue was whether there was a street there or not. The street had never been laid out by the town or village. The land belonged to one Farnum. He, for the purpose of selling lots, made a map, and upon it laid out or designated streets, and this street was one of them.
The lands were sold bounded by the streets, and thus it becomes a street as to those who bought upon it not formally a public one, but which could be kept forever open by the lot owners who bought under the map.
The village could do nothing without there was a dedica- - tion and acceptance.
This was the point of the controversy. The evidence was conflicting, but the weight of it is in favor of the plaintiff. There was no doubt as to the dedication by Farnum and as to the acceptance. It was proven that for twenty-five years “ it was used as a public highway.” It was proven that the village engineer was employed to make a map of the village, and this street is upon it. It was proven that for *341 many years the street commissioners had had charge of the street and removed obstructions upon it. There are residences upon both sides of this street part of the way. The city surveyor put monuments upon the street in 1867 or 1868.
The street has been worked from Lumber street to Brook, about 600 feet.
The defendant, in reply to this evidence, called witnesses who testified to facts tending to show that Farnum, after the dedication, used the place where the fence complained of is built, as a storage place for lumber. This proof is unsatisfactory. Farnum had no right to do so as against his grantees, and it was against his interest to do so. He is dead, and it does not appear how long since. Upon the whole the proof of acceptance is convincing.
The judgment of the county court should therefore be reversed and that of the justice affirmed, with costs.
Dykman and Pratt, JJ., concur.