PEOPLE *ex rel.* SLATZKATA *v.* BAKER.

*(Superior Court of Buffalo, Special Term.* December 10, 1888.)

1. PARENT AND CHILD—DESTITUTE ROMAN CATHOLIC CHILDREN—COMMITMENT—NOTICE.
  Laws N. Y 1864, c. 364, to create a society for the protection of destitute Roman Catholic children, and amendments, provide for the commitment of such children, between the ages of 7 and 14 years, to the care of the society, and require that the magistrate be satisfied of the facts authorizing such commitment, and that, on commitment to the house of reception, notice be given to the father. Unless the child is taken from the house of reception in the manner provided within 20 days, it is to be finally committed to the asylum of the society. If within such time it is proved that the child is not of Roman Catholic parentage, or is not guilty of the offense charged, or if certain other facts are proved, the magistrate must order that it be surrendered. *Held* that, unless such notice is given to the father of the child, there is no jurisdiction to make the final commitment to the care of the society.

2. SAME—RECITAL OF JURISDICTIONAL FACTS.
  The act having prescribed a form for the commitment which sets out jurisdictional facts, a commitment which fails to recite jurisdictional facts is unauthorized.

3. SAME—RECITAL OF JUDGMENT.
  The mere allegation that the child is held by virtue of a judgment, no judgment or jurisdictional facts being shown, will not authorize its detention.

4. SAME—FAILURE TO FILE CERTIFICATE OF CONVICTION.
  The certificate of conviction required by Code Crim. Proc. N. Y. § 723, forming no part of the judgment or commitment, and it being made conclusive evidence of the facts stated in it, by section 724, its purpose is to furnish evidence, and a failure to file it is not cause for the discharge of the offender.

On *habeas corpus.*

The relator, Thomas Slatzkata, petitions for an order requiring Nelson H. Baker, superintendent of the Society for the Protection of Destitute Roman Catholic Children, at Buffalo, N. Y., to discharge him from custody.

*E. T. Durrand,* for relator. *Daniel Kenefick,* for defendant.

HATCH, J. The relator was heretofore, and on or about the 23d day of October, 1888, convicted of the offense of petit larceny, by Thomas S. King, a police justice of the city of Buffalo, and by him committed to the care of the Society for the Protection of Destitute Roman Catholic Children. The commitment of the relator was made under and by virtue of chapter 364 of the Laws of 1864, and of the acts amendatory thereof. It is claimed upon the part of the relator that the act of 1864 does not authorize the commitment of a child to the custody and care of the said society for the offense of petit larceny. This claim overlooks the amendment by the act of 1868, which provides in terms for a commitment to said society for the offense of petit larceny. Laws 1868, c. 891, (found in 1 Sess. Laws 1869, p. 12.) The relator also makes claim that no record of conviction for the offense was filed within 20 days after said conviction, as required by section 723, Code Crim. Proc. The statute under which this conviction was had does not require that any record of conviction shall be filed, but, if we hold the provisions of the Code applicable, the relator does not become entitled to his discharge by reason of such failure to file. In *People ex rel. McCourt* v. *Baker*, decided by this court at general term, in 1881, (not reported,) a similar statute was held directory, and that where the record was made in due form it was sufficient, even though not filed at the time required by the statute. See MS. opinion of SMITH, J. This view is in harmony with the decision of other courts construing like statutes. *Hall* v. *Tuttle*, 6 Hill, 39; *People* v. *Allen*, 6 Wend. 486. By section 724, Code Crim. Proc., the certificate required to be filed, or a certified copy thereof, is made conclusive evidence of the facts therein stated. This is substantially a re-enactment of the Revised Statutes. 3 Rev. St. 6th Ed. § 51, p. 1012. Under this section it was held that the object of the certificate was to afford evidence in the event the accused should commit a second offense. *Bennac* v. *People*, 4 Barb. 167. As the filing of the certificate forms no part of the judgment or the commitment by which a defendant is removed to the place of imprisonment, and received, its only object and purpose would seem to be to furnish evidence of the offense of which the defendant is convicted, which record may be resorted to for any purpose, either to show the conviction and sentence, to authorize the detention of a person seeking to be discharged from imprisonment, or available evidence for the public prosecutor to prove a second offense; and a failure to file the certificate is therefore not such a defect as entitles the relator to his discharge.

The claim is also made that the magistrate had no authority to commit to the care of the society, without his giving notice of the proceeding to the father of the child; thereby giving him an opportunity to be heard. This statute is similar in all respects, so far as it relates to the notice to be given after the magistrate has made his order or warrant committing the child to the house of reception, to the statute which was the subject of construction in *People* v. *Catholic Protectory*, 101 N. Y. 195, 4 N. E. Rep. 177. And it is there held that such notice is a prerequisite to the right of the magistrate to give the final order for the removal of the child so committed to the asylum of the corporation. It is admitted upon this hearing that the notice to the parent was not given, but it is claimed that, inasmuch as the offense for which the child was committed is that of petit larceny, the statute, so far as it relates to the notice, has no application. It is not claimed that the commitment was made by virtue of any authority, except such authority as is conferred by the statute creating this corporation. The purpose of the statute, as gathered from its title and its terms, is clear and distinct, to-wit: To create a "Society for the Protection of Destitute Roman Catholic Children." The acts amendatory continue the purpose of the original act. No authority is conferred upon the magistrate to commit, unless the child be of Roman Catholic parentage, not over 14 or under 7 years of age; and, for the purpose of establishing such facts, the statute requires that the magistrate shall first be

satisfied by proof. It then requires that, upon his commitment to the house of reception, the magistrate shall immediately require notice to be given the father of the child, if he be living, and a resident within the city or town; if not, to the mother, if she be living, and so resident; and, if there be no father or mother, then to the lawful guardian, if any, or to the person with whom he resided, or to the superintendent of the poor of the county of Erie, and provides for its service. If it may not be personally served, posting is required. These notices are required to state that the child has been com-. mitted to the house of reception. Unless it be taken from the house of reception in the manner provided by law, within 20 days, it will be committed to the asylum of the corporation. It further provides that if the person to whom the notice is addressed, or any other person, shall, within the specified. time, prove to the satisfaction of the committing magistrate that said child. is not of Roman Catholic parentage, or that it is not guilty of the offense of which it has been charged and convicted, it is made the duty of the magistrate to order the child delivered to the person named in the order, who. shall be entitled to take him from such house of reception; and by section 14 of the act provision is made for a like application to the board of managers, after commitment upon like proof, who, if satisfied of the facts proved, are authorized to discharge and restore the child to its parent or protector. No exception is made as to any of the offenses authorizing a commitment to the asylum.

It is thus seen that the primary facts to be established before jurisdiction is. conferred upon the magistrate to commit are that the child is of Roman Catholic parentage, and between the ages of 7 and 14. Without this there is no authority to commit, receive, or detain; and in any stage of the proceeding, or after commitment, these facts appearing, it is made the duty of either magistrate or management to discharge. The statute confers no other or different authority in the case of petit larceny than in beggary or vagrancy. The statute also provides that other facts may be proved which may entitle a discharge; which are that the child was not suffering from want, and that the circumstances under which it was found were not occasioned by the misconduct or habitual neglect of the parents, etc. These circumstances, which may be thus proved, are evidently not applicable to a commitment for petit larceny, which is a personal offense, and in the eye of the law not dependent upon any act. of the parent. But the language of the act is in the disjunctive, "that said. child is not of Roman Catholic parentage, or that the circumstances of want," etc.,—thus showing that more than one fact was contemplated which might: be established; but before the commitment, even though all the other facts. were established, the essential one must be that the child was of Roman Catholic parentage, and between the ages of 7 and 14. The opportunity which the statute thus provided for has been disregarded. In *People* v. *Catholic Protectory*, 106 N. Y. 604, 13 N. E. Rep. 435, the court construed section 291 of the Penal Code, which provided that, if it should appear that the parent, guardian, or custodian of the child was present at the examination before the court. or magistrate, and had notice thereof, no other or further notice was required. The court held that the father was entitled to notice, even though the mother was present at the examination. 106 N. Y. 613, 614, 13 N. E. Rep. 438. The case also holds that these statutes, being in derogation of the common law, are to be strictly construed, and every step which the statute requires must. be observed. Applying that rule here, it follows that the police justice never acquired jurisdiction to make the commitment.

The claim is also made that the judgment and certificate of conviction are. void for a failure to comply with the statute authorizing the commitment. It was held in *People* v. *Catholic Protectory*, 101 N. Y. 195, 4 N. E. Rep. 177, that these statutes were not repealed by the Penal Code; that, being special in their character, they should stand, when not in conflict with the general law.

It therefore follows that this commitment must stand or fall as tested by the requirements of the statute. The act points out with much particularity what the commitment shall contain. It must have a venue, and be directed to a constable or policeman, who is commanded, in the name of the people, to take charge of A. B., a child of Roman Catholic parentage, under 14 years of age, and over the age of 7, who has been proved to be a proper object for the care and control of the Society for the Protection of Destitute Roman Catholic Children at Buffalo, and to deliver the said child to the said corporation at its house of reception, in Erie county, with the precept. It then commands the superintendent to receive and keep said child until discharged according to law. This commitment is not, however, the authority of the superintendent to receive or detain the child so committed to the asylum of the corporation, for by sections 10 and 11 the notice heretofore referred to must issue and be served. Upon the expiration of 20 days after such service, if the child be not delivered to the person upon whom the notice has been served, or to any other person, then the magistrate is authorized, by section 13, to issue a final commitment, in and by which he is to make and transmit to the superintendent of the house of reception a notice in writing that no proof has been made requiring the delivery of the child, as provided in section 12, and thereupon the said child is to be removed from the house of reception to the asylum of the corporation. The return to the writ sets out the commitment under which the relator is held, and also states, in addition, that he is held by virtue of a judgment. The commitment returned purports to be, and is, a certificate of conviction for the offense of petit larceny upon a plea of guilty, and adjudges "that he be committed to the care of the Society for Protection of Destitute Roman Catholic Children, at Buffalo, N. Y., until discharged by law." This certificate is fatally defective. It nowhere recites that the child is of Roman Catholic parentage, or that he is under the age of 14, or over the age of 7, years; and yet such facts are by this statute made jurisdictional, and must appear before the magistrate is authorized to commit to the care of the society. The certificate is not authorized. The statute requires that the magistrate must first commit to the house of reception, but this certificate purports to commit to the society itself, and is in no sense the final commitment authorized by section 13, under which the superintendent of the society is alone authorized to receive and detain.

It is, however, insisted that the child is not held by virtue of the commitment, but by the authority of a judgment. It is well settled that the officer detaining may, at any time, invoke the aid of a judgment, and, upon showing a valid judgment of conviction, it is sufficient, as that is the authority by virtue of which the person is held. *People* v. *Baker*, 89 N. Y. 460. But here no judgment pronounced by a magistrate or jurisdictional facts are shown to have existed which warranted the commitment, and the bare allegation that he is held by virtue of a judgment, without proof of one, is not sufficient. *People* v. *Warden, etc.,* 100 N. Y. 20, 2 N. E. Rep. 870.

It follows from these views that the relator should be discharged, and the defendant superintendent is directed to discharge him from custody and imprisonment, and deliver him to the care of his father.