### Supreme Court—Appellate Division—Third Department.

January 19, 1906.

## THE PEOPLE EX REL. RUDOLPH COOK v. SEBASTIAN W. PITTS, SHERIFF, ETC.

(111 App. Div. 321.)

HABEAS CORPUS—WHEN CERTIFICATE OF CONVICTION SUFFICIENT.
   A certificate of conviction which uses the words " having thereupon pleaded guilty, it is adjudged," etc., is a substantial compliance with the statute (Code Crim. Proc., Secs. 721, 722), and furnishes no ground for the release of the offender on habeas corpus.

APPEAL from an order made by the recorder of the city of Albany and entered in the office of the clerk of the county of Albany on the 9th day of February, 1905, discharging the relator from the custody of Sebastian W. Pitts, as sheriff of the county of Albany, on the ground of the alleged insufficiency of the certificate of conviction by which he is held.

George Addington, district attorney, and Robert H. McCormic, assistant district attorney, for the appellant.

Edward J. Brennan and Mark Cohn, for the respondent.

KELLOGG, J.: This case is governed by the rule in People ex rel. Bidwell v. Pitts (111 App. Div. 319, *supra* p. 572), decided at this term of court. The certificate uses the words " having thereupon pleaded guilty, it is adjudged," etc., while the statutory form (Code Crim. Proc. § 721, 722) uses the words " having been thereupon duly convicted upon a plea of guilty, it is adjudged," etc., but it has been held this is a substantial compliance with the statutory form, as upon a plea of guilty the only duty of the court is to sentence. (People ex rel. Evans v. McEwen, 67 How. Pr. 105, 112, 113; 2 N. Y. Crim. 307.)

The order appealed from is, therefore, reversed, the writ of habeas corpus quashed and the relator remanded to the custody of said sheriff as custodian of said penitentiary to serve the balance of his term.

All concurred.

Order reversed, writ of habeas corpus quashed, and relator remanded to the custody of the sheriff of Albany county, as custodian of the penitentiary, to serve balance of his term.