THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JEROME ROSENTHAL, Appellant.

County Court, Columbia County, August 15, 1939.

*Ransom H. Gillett,* for the appellant.

*Edward H. Best, District Attorney,* for the respondent.

INMAN, J. This appeal has been taken from what purports to be a judgment of the Court of Special Sessions held in the town of Livingston, Columbia county, by William T. Dobbs, justice of the peace, whereby the appellant was convicted of reckless driving in violation of section 58 of the Vehicle and Traffic Law and sentenced to pay a fine of fifty dollars. The appeal is based upon two grounds, *first,* that the evidence was insufficient to justify a conviction, and *second,* that, although a fine was imposed, there is no record that the appellant was ever convicted.

The information charges that on August 5, 1938, in the town of Livingston the appellant drove an automobile at a fast rate of speed, causing personal injury and property damage, thereby unreasonably endangering users of the highway. The docket shows that the appellant pleaded not guilty and furnished bail and that the case was adjourned to August twelfth. The docket then continues as follows: " August 12. The defendant having pleaded not guilty and having failed to demand trial by jury, and having been duly tried (adjournment ten days for memos by attorneys) defendant released in custody of R. H. Gillett. August 22. It is adjudged that the defendant pay a fine of $50.00 and be imprisoned in the Columbia County jail until said fine is paid, not exceeding fifty days."

No certificate of conviction has been filed in the Columbia county clerk's office and none is included in the return.

Relevant provisions of the Code of Criminal Procedure read as follows:

" § 717. Judgment on conviction. When the defendant pleads guilty, *or is convicted either by the court or by a jury,* the court must render judgment thereon, of fine or imprisonment, or both, as the case may require; \* \* \*

" § 721. Certificate of conviction; its form. When a conviction, other than for a traffic infraction, is had upon a plea of guilty, or upon a trial, the court must make and sign a certificate in substantially the following form:

" Court of special sessions or police court.

" County of Albany, town of Berne (or as the case may be.)

" THE PEOPLE OF THE STATE OF NEW YORK ⎱
               against         ⎰
               A.B.

                                   January 1, 19

" The above-named A.B., having been brought before C.D., justice of special sessions, justice of the peace (or other magistrate as the case may be) or police justice of the town (or city or village) of (as the case may be) charged with (briefly designating the offense).

" And, having thereupon pleaded guilty or not guilty, (or as the case may be) and demanded (or 'failed to demand,' as the case may be) a jury, and having been thereupon duly tried, *and upon such trial duly convicted.* It is adjudged that he be imprisoned in the jail of this county     days (or ' pay a fine of     dollars and be imprisoned until it be paid, not exceeding     days,' or both, as the case may be).

" Dated at the town (or ' city,' of     , the day of     , nineteen hundred and

                                   C.D.

" Justice of the peace or police justice or other magistrate (as the case may be) of the town (or ' city ') of (as the case may be)."

" § 722. Certificate of conviction. Its form. If the defendant have pleaded guilty,— instead of the second paragraph, the certificate must state substantially as follows: ' And the above-named A.B. having been thereupon duly convicted, upon a plea of guilty.'

" § 723. Certificate, when filed. Within twenty days after the conviction, the court must cause the certificate to be filed in the office of the clerk of the county."

We are dealing here with a crime, a misdemeanor, not a traffic infraction or one of the minor offenses dealt with summarily by magistrates. (*People* v. *Grogan,* 260 N. Y. 138.)

So much of section 723 as requires that the certificate of conviction be filed within twenty days is directory. (*Village of Solvay v. Town of Geddes*, 247 App. Div. 89; *People ex rel. Slatzkata v. Baker*, 3 N. Y. Supp. 536.) I do not doubt that a certificate can be filed after the expiration of the twenty-day period provided a certificate has been made before the Court of Special Sessions ceases to function. No case has been found, however, holding that the provisions requiring the court to make and sign a certificate is directory and I think that it is mandatory. It constitutes the record which provides a bar to a second prosecution for the same offense. Before judgment of fine or imprisonment may be imposed the defendant must plead guilty or be convicted either by the court or by a jury. The record here shows a plea of not guilty, a trial and a sentence, but it fails to show that the appellant was convicted. It has been held that a certificate of conviction showing a plea of guilty and the sentence imposed without reciting the conviction of the defendant is sufficient and that upon a plea of guilty the only duty of the court is to impose sentence. A plea of guilty is tantamount to a conviction. (*People ex rel. Cook v. Pitts*, 111 App. Div. 321; *People ex rel. Evans v. McEwen*, 67 How. Pr. 105.) It does not follow therefrom that the imposition of sentence imports the conviction of a defendant of the crime charged in an information. Before sentence may be pronounced after a trial there must be a conviction of the crime charged, either by the court or by a jury.

Courts of Special Sessions are not courts of record. The quoted provisions of the Code of Criminal Procedure are designed to provide for the form and preservation of their judgments. Judgment is rendered by the pronouncing of sentence after the conviction. The certificate of conviction is the record of the conviction and the judgment. (*People ex rel. Forbes v. Markell*, 92 Hun, 286; *People ex rel. Cook v. Smith*, 28 N. Y. St. Repr. 306; 9 N. Y. Supp. 181.) No commitment may issue until a certificate of conviction has been made. (Code Crim. Proc. § 725; *Bennac v. People*, 4 Barb. 164; *People ex rel. Slatzkata v. Baker, supra.*)

It follows that the purported judgment must be reversed for errors of law, the facts not having been examined. Submit order accordingly, providing for a new trial in the Court of Special Sessions in the town of Livingston before William T. Dobbs, justice of the peace.