THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNA
HERBERT, Appellant. `

County Court, Delaware County, April 23, 1947.

*Francis R. Paternoster* for appellant.

*Gleason B. Speenburgh, District Attorney,* for respondent.

CURTIS, J.  On January 13, 1947, the defendant was tried **on**
two separate informations charging the offense of disorderly
conduct under section 722 of the Penal Law.

The trials were had. without a jury, and the defendant **was**
found guilty on both charges.

It is urged on appeal that the convictions should be reversed on the ground that the court did not comply with section 723 of the Code of Criminal Procedure requiring certificates of conviction to be filed in the office of the county clerk within twenty days after a conviction. The certificates were not filed until February 13th, a lapse of thirty-one days. The certificates apparently were not signed until February 10th, although the return of the magistrate shows that the judgment of guilt was rendered on January 13th.

Although there are numerous decisions which attempt to sustain the defendant's claim to the effect that upon the rendering of a decision in a Court of Special Sessions the authority of the magistrate ceases; nevertheless, it has been definitely held in a recent case that he continues to have such powers as are incident to effective jurisdiction of the court (*Matter of Hogan* v. *N. Y. Supreme Court*, 295 N. Y. 92). We conclude that one of the incidental powers is the preparation and filing of a certificate of conviction. If the record of the Justice shows, as it does here, that the defendant has been regularly convicted, the magistrate has authority at a later date to file a certificate of conviction. Section 723 as to the time of the filing of the certificate is directory, and a violation of that section does not prejudice the defendant (*People* v. *Rosenthal*, 171 Misc. 954; *People ex rel. Slatzkata* v. *Baker*, 19 N. Y. St. Rep. 485).

In the case referred to as Case Number 1, the evidence justifies the court below in finding that at 4:30 in the afternoon, the defendant drove on property occupied by one Russell Hodge. He asked her to move, and she called him a son of a bitch and a bastard. He asked her to drive off from the property, and she drove off from the driveway on to the lawn. This was about forty feet from the main improved highway, and there was considerable commotion. At one time the defendant was within ten feet of the highway. Passengers in other cars driving along the road were attracted and stopped to listen. The evidence is sufficient to justify the conviction of the defendant.

In the case described as Number 2, the circumstances are much different. At about 6:00 o'clock in the afternoon of the same day, the defendant entered a house occupied by Elbert Matthews. She broke the window in the house and called Mr. Matthews offensive names. Mr. Matthews went for the State Police, and when he returned with them she was sleeping on a sofa in the house. She then called Mr. Matthews vile names and conducted herself in a disorderly manner, tearing the telephone from the

wall. Apparently she was under the influence of intoxicating liquors. Possibly the defendant could have been prosecuted for unlawful entry into the house, or for the malicious destruction of personal property; but the evidence does not justify a conviction of the offense of disorderly conduct.

It is well settled by numerous decisions that this offense is not committed in a private residence, unless the acts of the defendant disturb persons other than those in the residence.

For the reasons above stated, the conviction in Case Number 1 is affirmed, the conviction in Case Number 2 is reversed, and the fine in the latter case, if paid, should be remitted.