THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ELLA SHOEMAKER, Appellant.

County Court, Broome County, April 18, 1951.

*A. Fairfax Montague* for appellant.

*Samuel Bernstein, District Attorney (Frederick Vavra* of counsel), for respondent.

BARNES, Acting County Judge. This is an appeal from the Justice's Court conviction of a violation of subdivision 4 of section 887 of the Code of Criminal Procedure. The defendant was arraigned and advised of her rights and entered a plea of guilty. Up to this point, there is no question of the legality of the proceedings. If she had been sentenced to an indeterminate sentence at Westfield State Farms, at that time, no question could be raised whatever.

The Justice's return states " on December 9, 1950, I sentenced her to Westfield State Farms at Bedford Hills, but pending an investigation report, I committed her to the Broome County Jail for a period of 5 days." The commitment to Westfield State Farms is dated December 15, 1950. The Justice's docket fails to record these events. Affidavits have been submitted, one by the defendant claiming that she was not properly before the Justice for resentence, and another by the parole officer who says that she took the defendant to the police station at Endicott on some date, and the docket of the chief of police of the village of Endicott, showing that she was sentenced to Bedford Hills for one year (an opinion of the Attorney-General says this is sufficient; 1946 Atty. Gen. 203). In a supplemental return, the

Police Justice states that he does not know the date when this defendant was brought before him but that she was brought before him upon the date that he sentenced her to the indeterminate sentence at Bedford Hills.

Upon these facts, the defendant urges that she should be released from custody and the criminal charge against her be dismissed. I cannot condone the failure of the Justice to keep a true and accurate and correct docket open for public inspection at all times. I am not unmindful of the fact that in 1789 the French Bastille was filled on account of the fact that they threw away the records of conviction and sentences. This whole matter, however, is covered in our law by section 220 of the Code of Criminal Procedure and the provisions there seem to be adequate to insure generally the keeping of a docket in the proper manner.

The remaining question is whether or not the failure to keep a docket properly by the Justice of the Peace should free a guilty person and, of course, the answer is that it should not. Justice Cardozo, while sitting as a Judge of the Court of Appeals of the State of New York had before him a similar question; that being whether or not a mistake made by the constable would free a guilty person, and he held absolutely that it does not. (*People* v. *Defore,* 242 N. Y. 13, 24.) The same reasoning applies here but with much greater force. In that case, the mistake was made while making the arrest, before a conviction was had; while in this case a mistake was made after a legal and lawful conviction had been made.

There is one other matter; it appears from the return and from the docket of the Police Justice that the first sentence to Westfield Farms was for a period of one year; the law requires an indeterminate sentence (Correction Law, § 298) and that thereafter she was brought back and given the corrected sentence of an indeterminate term. It is urged that this cannot be done in a Justice's Court on account of the fact that the Justice's Court terminates at the end of the particular case. It seems that this matter was adjourned for five days and it ran over into the sixth day. Where the adjournment was made, it is clear that the court did not cease until it reconvened to consider the matter for which it was adjourned. However, this court on appeal has a right to review the sentence, modify it or impose a new sentence and if there is any technicality about the sentence below, this court will now impose a sentence to the Westfield Farms for an indeterminate period, to be there detained under the provisions of law relating to such institution.

Submit order accordingly.