THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT BELLE-VILLE, Relator, against RANCEFORD TAYLOR, as Warden of Albany County Jail, Defendant.

County Court, Albany County, September 20, 1954.

*Melville Fisher* for relator.

*Russell G. Hunt, District Attorney (Philip G. Coffey, Jr.,* of counsel), for defendant.

SCHENCK, J. This is a habeas corpus proceeding. The relator was sentenced to ninety days in Albany County jail upon his plea of guilty to a violation of section 43 of the Penal Law. The conviction and sentence took place August 24, 1954, before Hon. GEORGE BIGSBEE, Justice of the Peace of the Town of Guilderland. The court was sitting, according to its criminal docket, as a Court of Special Sessions at the time. Following the commitment of the relator to the jail, his counsel, on August 30, 1954, went to the premises of Judge BIGSBEE and requested permission to copy the relevant docket entry. He was then advised that the record had not yet been entered upon the docket. Subsequently, the Judge did enter the record upon the docket and apparently has filed a certificate of conviction within twenty days of the date of conviction and sentence.

The relator now contends that the proceedings were fatally defective in that no docket entry was made while the court was sitting as a Court of Special Sessions. It is conceded that the Judge did not make the docket entry for at least a week after the court proceedings. Section 220 of the Code of Criminal Procedure provides that a justice of the peace shall " enter correctly *at the time thereof,* full minutes of all business done before him as such justice and as a court of special sessions in criminal actions and   *   *   *   proceedings." (Italics supplied.) It is manifest that the Justice here did not comply with the letter of the statute. The question is presented, therefore, as to whether the entire proceedings have become invalid because of the failure to comply with this phase of section 220.

There does not appear to be any authority in this jurisdiction upon the precise point. In the case of *People* v. *Shoemaker*

(199 Misc. 937), it was held that a defendant convicted before a Court of Special Sessions upon a plea of guilty should not be freed by reason of the failure of the magistrate to make proper and complete docket entries. This case, of course, is somewhat distinguished from the foregoing authority because here there was not involved a question of erroneous or improper entries, but there was no entry whatsoever until some time after termination of the session of the court during which the proceedings took place. I do not believe, however, that the principle of law is distinguishable. It would appear to me that improper or incorrect entries would be far more prejudicial to a defendant than a mere delay of a few days in making complete and proper entries. The law provides that the certificate of conviction must be filed within twenty days of the date of conviction. It can be inferred, therefore, that some reasonable leeway might be allowed in making the actual entries in the docket. A delay of a few days in making docket entries might be occasioned through unforeseen circumstances such as unusual pressure of the justice's court business. Nevertheless, the defendant is afforded protection as long as the certificate of conviction is filed within the statutory twenty-day period. Obviously, the certificate which refers to the docketed record cannot be filed until after the docket entry is made.

The relator has cited *People* v. *Rosenthal* (171 Misc. 954). In that case, however, the record of conviction was apparently *never* entered in the docket. The court therein indicated that the docket entry should be made before the Court of Special Sessions ceases to function. It was not, however, necessary for the court to pass upon that precise point to reach its conclusion. In any event, this court is not bound by that decision.

Accordingly, although there is no question but that literal compliance with the statute has not been made, nevertheless, it is impossible to see how this relator has been prejudiced. There would appear to be no sufficient basis to justify the freeing of this defendant on the mere technicality urged here in view of his plea of guilty. No question is raised as to the propriety of the actual proceedings before the Court of Special Sessions. The sole question deals with the right of the Justice to make his docket entries a few days after the session at which the defendant was convicted. For the reasons stated herein, I am of the opinion that, although such practice should not be followed by a justice, it, nevertheless, does not make conviction and sentence fatally defective.

The defendant is presently on bail pending disposition of these habeas corpus proceedings. An order that the writ should not be sustained may be entered. The order should provide for the surrender of the relator to the Warden of the Albany County jail within twenty-four hours of the service thereof upon him and/or his attorney. Time during which the defendant has been on bail should not be credited against the sentence heretofore imposed.