Carlton A. Fisher, J.
Defendant appeals from a finding of the City Court of Buffalo that it violated sections 26 and 27 of chapter IX of the Buffalo Ordinances. However, there is nothing before this court which indicates that there has been a valid conviction of defendant.
The material facts concerning the proceedings in the City Court of Buffalo are conceded. Decision was reserved at the conclusion of the trial on May 15, 1957, and on July 15, 1957 the judge announced in open court that he found the defendant guilty; the judge wrote no opinion and made no oral or written findings; the judge made no entry in his docket of any conviction and the clerk of the City Court can find no record of any conviction; the judge failed to make a certificate of conviction; no certificate of conviction was filed in the office of the Clerk of the County of Erie; and the judge resigned his office on September 6, 1957.
Section 721 of the Code of Criminal Procedure requires that the judge make and sign a certificate of conviction. This requirement is mandatory.' (People v. Rosenthal, 171 Misc. 954, 956; People ex rel. Koons v. Elling, 190 Misc. 998, 1001.)
Respondent contends that the City Court of Buffalo is not required to comply with the Criminal Code, arguing that “ In the trial of this action the City Court of Buffalo convened as a Summary Magistrate’s Court and not as a Court of Special Sessions ”. The Appellate Division, Fourth Department, held to the contrary in City of Buffalo v. Murphy (228 App. Div. 279, *996 286) stating: “We are also of the opinion that with the grant of the jurisdiction and powers, conferred by law upon magistrates, to the city judges there goes also the requirement that such power and jurisdiction shall be exercised in the form and manner provided by the Code of Criminal Procedure for the conduct of the magistrates and their courts, except as otherwise expressly provided. (People ex rel. Dargin v. Cox, 76 N. Y. 47.) ”
Similarly in People v. Kraft (229 App. Div. 281, 285) the Third Department, in discussing both Magistrates’ Courts and Courts of Special Sessions, stated that: ‘ ‘ The procedure in all such courts is the same unless specially provided by statute. (Code Crim. Proc. part V, tit. 1.) ”
The Buffalo City Charter (§ 320) provides that persons charged with ordinance violations are to be tried 1 ‘ in the way provided by law for proceedings against persons charged with a criminal offense ”. The opening paragraph of section 56 of the Code of Criminal Procedure was amended by chapter 368 of the Laws of 1948 to make the City Court of Buffalo a Court of Special Sessions rather than a Magistrate’s Court for the trial of “ violations of ordinances ”.
It further appears that there was no compliance with the Buffalo City Court Act. Section 11 requires the chief clerk to keep a complete and accurate record of all of the proceedings and provides for a docket. Rule XXI requires the judge to keep the docket and to insert therein ‘ ‘ the finding of the court, and the sentence of the defendant and the disposition of the case by the court ” and the judge is required to authenticate each page by “ affixing his signature at the close of each case ”. In addition, section 11 requires the clerk to file “ with the clerk of the county of Brie a record of all convictions ”.
The City Court of Buffalo is not a court of record (Judiciary Law, § 2), and as stated in People v. Rosenthal (171 Misc 954, 956, supra) the Criminal Code was “ designed to provide for the form and preservation of their judgments ”. It is for this reason that a return on appeal is required by section 756 of the Criminal Code, and that this court can only act on matters included in the return. The return before this court, instead of containing a certificate of conviction, contains a certificate of the chief clerk of the City Court of Buffalo that he ‘1 can find no record of any conviction in this case The judge of the City Court having resigned on September 6, 1957, these defects may not now be cured (Cattieu v. Gridley, 4 A D 2d 851; People v. Rosenthal, supra, p. 956).
*997 It is clear in the circumstances that here has been no valid conviction of the defendant, that there is nothing from which it can appeal, and that this court has no alternative but to dismiss the appeal.