THE PEOPLE ex rel. MICHAEL G. KUHN, Respondent, v. THE
PROTESTANT EPISCOPAL HOUSE OF MERCY of the City of
New York, Appellant.

By the provisions of the New York Consolidation Act (§ 1466, chap. 410,
Laws of 1882), as amended in 1886 (Chap. 353, Laws of 1886), providing
for the committing of females, under the circumstances specified, to
certain reformatory institutions named, the age of the female is made a
fact material to the jurisdiction of a police justice in proceedings under
the act, and his adjudication in this respect may not be questioned in
collateral proceedings, but must control in determining the period of
detention, unless reviewed and corrected on appeal in the proceeding in
which the commitment is made.

A commitment properly issued by a justice in such proceedings has, in
habeas corpus cases, all the force and effect given to a final judgment of
a court of competent jurisdiction under and by the provisions of the
Code of Civil Procedure.   (§ 2016.)

The conclusiveness in such cases of the determination of a criminal court,
as to the existence of jurisdictional facts, is not limited to those facts
which must appear before the court can take any cognizance of the case,
but includes every fact which the court is authorized by law to determine,

and which it does determine in rendering the judgment under which the prisoner is detained.

In proceedings by habeas corpus to procure the release of a female committed, under said provisions of the Consolidation Act, until she became of age, the commitment recited that it had been proved by competent testimony and by the confession of the female that she was, at the date of the commitment, of the age of seventeen years; her discharge was asked for on the ground that she was in fact then nineteen years of age, and that her minority had terminated. *Held*, that the commitment was conclusive as to her age and could not be contradicted in the habeas corpus proceedings.

Also *held*, that while the commitment was defective in not stating the exact age of the person committed, it was not a fatal defect under the saving clause in the act which declares that no commitment, which recites the facts upon which it is based, shall be deemed invalid because of "any imperfection or defect in form."

(Argued April 11, 1892; decided April 26, 1892.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made November 13, 1891, which affirmed an order of Special Term, directing the release and discharge of Josephine Kuhn from the custody of the defendant, and also affirmed an order of Special Term, overruling a demurrer interposed by defendant to the traverse to the return to the writ of habeas corpus issued herein.

The facts, so far as material, are stated in the opinion.

*Elbridge T. Gerry* for appellant. The commitment was a final judgment under the Habeas Corpus Act (§ 2016, Code of Civil Procedure), and conclusive as to the child's age. (*In re Moses*, 1 N. Y. Cr. Rep. 508; *In re Wright*, 29 Hun, 357; *In re Donohue*, 1 Abb. [N. C.] 1; *People ex rel.* v. *Liscomb*, 60 N. Y. 559; *People ex rel.* v. *N. Y. J. Asylum*, 12 Abb. Pr. 92; *In re Baker*, 11 How. Pr. 418, 425; *People* v. *Superintendent, etc.*, 8 Abb. Pr. [N. S.] 112; *People* v. *Keeper, etc.*, 37 How. Pr. 494; *People ex rel.* v. *Sisters of the Order of St. Dominick*, 2 N. Y. Cr. Rep. 529; *People ex rel.* v. *N. Y. C. Protectory*, 106 N. Y. 604.) The statute under which this female was committed imposed the duty upon the police magistrate of determining not only the fact whether she, being over

twelve years of age, was found in the situation charged, but was also the further fact of her exact age, upon which depended the term of her commitment. (Laws of 1882, chap. 410, § 1466; Laws of 1886, chap. 353.) The court below erred in supposing that it could ignore the commitment of the police magistrate, which stated the age of the child to be seventeen on January 13, 1889, and determine the age of the child on September 21, 1891, by independent evidence. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201; 1 Black. Comm. 463; 1 Kent's Comm. 233; *People ex rel.* v. *N. Y. R. C. Protectory*, 106 N. Y. 611.)

*Andrew Comstock* for respondent.

Maynard, J.  The relator's daughter was, upon his application, committed by a police justice in New York city, January 13, 1889, to the custody of the appellant during her minority, unless sooner discharged by the trustees or managers, under chapter 353 of the Laws of 1886, which amended section 1466 of the Consolidation Act.

The commitment recited that it had been proven to the satisfaction of the magistrate by competent testimony, and by the confession of the daughter, that she was then of the age of seventeen years and had been found associating with vicious and dissolute persons and was willfully disobedient to her parent and guardian and was in danger of becoming morally depraved. It adjudged that the several facts thus recited were true.

On August 28, 1891, the relator sued out a writ of habeas corpus in the Supreme Court, in substance, alleging that his daughter at the time of her commitment was nineteen years of age; that her minority terminated May 27, 1891, and that she was, therefore, entitled to be discharged from the custody of the appellant. The return set forth the commitment as the cause of detention. The relator traversed the return, averring that her age was erroneously stated in the commitment; that no evidence was given before the police justice

upon the subject, and that she was in fact, at the time of the application for the writ, over twenty-one.

The appellant demurred to the traverse upon the specific ground that the proceedings upon which the commitment was based and the facts therein recited and adjudged could not be reviewed in this manner. The demurrer was overruled and a hearing ordered, at which the relator and a woman, who lived in the same house at the time of the daughter's birth, testified that she was born in May, 1870. The court thereupon, in an order reciting the proceedings, adjudged that she had attained her majority and directed the appellant to discharge her from custody. This order was affirmed at General Term and an appeal taken to this court.

We think the demurrer to the traverse should have been sustained, the proceeding dismissed, and the relator's daughter remanded to the custody of the appellant. The age of the daughter was a fact material to the jurisdiction of the police justice, which he was expressly authorized by the statute to ascertain, and which he did determine upon proofs submitted to him, and his adjudication in this respect cannot be questioned in this proceeding. It is not denied that the commitment has all the force and effect of a final judgment of a court of competent jurisdiction, under the provisions of the Code regulating the procedure in habeas corpus cases. (Code, § 2016; *Matter of Moses,* 1 N. Y. Cr. Rep. 508; *Matter of Wright,* 29 Hun, 357; *Matter of Donohue,* 1 Abb. [N. C.] 1; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel.* v. *N. Y. Juvenile Asylum,* 12 Abb. Pr. 92; *Matter of Baker,* 11 How. Pr. 418; *People ex rel. Van Riper* v. *N. Y. Catholic Protectory,* 106 N. Y. 604.)

The degree of its conclusiveness is not affected by the grade of the tribunal from which it emanates. The rule has the same application to the judgments of inferior as of superior courts. These principles have been so often enunciated as to become elementary and their correctness and force as general propositions of law are not disputed by the respondent. But it is insisted that they are not applicable to the point involved

upon this appeal; that they are limited to jurisdictional facts determined by the court, which renders the judgment to have an existence, and do not preclude an inquiry into any other matter which may tend to show that the imprisonment is unlawful.

Generally speaking, this is undoubtedly true, but the jurisdictional facts referred to are not simply those which must exist before the criminal court can lawfully take any cognizance of the case, but they include every fact which the court is authorized by law to determine and which it does adjudicate in rendering the judgment under which the prisoner is detained.

In the present case, if the police justice was limited in determining the age of relator's daughter to an inquiry as to whether she was over twelve and under twenty-one, the question of her exact age would be an issuable fact in any proceeding which might be brought to secure her release upon the ground that her time of detention had expired. But if it was the duty of the magistrate to ascertain and determine her precise age and include it in the commitment, his determination cannot be attacked in any collateral proceeding. The act of 1886 expressly requires the age of the delinquent to be stated. This provision is not satisfied by a statement of a maximum and a minimum limit, between which her age may be included and embracing a period of nine years.

It contemplates a judicial finding and declaration of her exact age, and impliedly clothes the police justice with the authority to make the necessary investigation to properly execute this statutory power. It was an important fact to be ascertained and embodied in the judgment for the information and guidance of the reformatory institution to whose guardianship she was to be entrusted, and if omitted the benificent object of the law might in a measure be defeated. An institution like the appellant would be seriously embarrassed in the regulation and administration of its affairs and in the efficient conduct of its work, if the record of each commitment, which constitutes its authority for the detention of its inmates, did

not disclose the age of the delinquent and thus fix the term during which she could be subjected to its wholesome restraints and influences. It cannot be expected to possess the means of successfully resisting an application of this character, and it ought not to be compelled to assume the risk of an unlawful detention, if it should happen that the age was not correctly stated in the warrant.

Should the claim of the relator be upheld it would follow that, if the appellant detained any inmate after she had actually arrived at her majority, it would be an unlawful deprivation of her liberty, notwithstanding the age given in the commitment would indicate that the period of restraint had not expired. We do not think the legislature intended to place the institution in a position of such peril.

It is important in this connection to note the changes in the law effected by the amendatory act of 1886. The original section of the Consolidation Act authorizing these commitments, was a re-enactment of section 1 of chapter 409 of the Laws of 1867, and was especially crude and imperfect. No proofs were required; no formal adjudication of facts was necessary, and the contents of the commitment were not prescribed. Under such a statute the question of the exact age of the delinquent would always be open to inquiry. Evidently the practical working of the section was not satisfactory, and hence the substitute of 1886 was adopted, which provided a well defined method of judicial procedure, summary in its character, but omitting no essential fact from the scope of its investigation. It may sometimes occur that through mistake in the proofs a person committed may thus be made subject to detention after she has reached her majority. The actual evil from such a source, however, must be slight in comparison with the confusion which would result, if these institutions could be compelled at any time to defend their right to the custody of each inmate by the production of proof *aliunde* the record, that she was still, in fact, a minor.

It is to be further observed that if the commitment does not conclude the relator as to the age of his daughter, the appel-

lant will also be at liberty to dispute it upon this point, and to insist upon detaining her after she has reached her majority according to the statement of her age in the warrant, by showing that such statement was erroneous and that she was younger than the age stated by one, two, or any given number of years. A construction which will inevitably lead to such complications and uncertainties in the execution of the law, should not be adopted unless the language employed imperatively requires it.

We have, therefore, reached the conclusion that it was the intention of this enactment that the exact age of the delinquent should be ascertained by the magistrate and stated in the commitment, and that when so ascertained and stated it must control in determining the period of detention, unless reviewed and corrected by an appellate tribunal in the proceeding in which the warrant was issued.

It is not seen how any actual hardship is likely to result from the application of this rule. The managers of the institution have the authority to discharge an inmate at any time, when it shall appear that she is not a proper subject for their care. If, in any case, it should be shown to their satisfaction, that a mistake had been made in the statement of her age and that she was not within the statutory limits, and that no harm would probably result to her, if discharged, we cannot doubt they would exercise this power and restore her to her family and friends.

It is insisted that the exact age of the relator's daughter is not stated in the commitment in this case. The recital is that on January 13, 1889, the date of commitment, she was seventeen years of age, and it must be conceded that this averment would be consistent with a finding that she was of that age on any day in the year terminating with that date, and if the relator had waited until January 13, 1892, before instituting this proceeding, it might be held that he was not seeking to put in issue any material statement in the commitment. But that question is not here. He is now attempting to show that she was nineteen on the date named ; a plain contradiction of the judgment of the police justice, which is not permissible.

Concededly, the commitment is imperfect in this respect, but it is not a fatal omission, especially in view of the saving clause of the statute, which declares "that no commitment made under this act, which shall recite the facts upon which it is based shall be deemed or held to be invalid by reason of any imperfection, or defect in form."

The orders of the General and Special Terms should be reversed and an order entered dismissing the proceedings and remanding the relator's daughter to the custody of the appellant.

All concur, except ANDREWS and FINCH, JJ., dissenting.

Orders reversed and ordered accordingly.