(57 Misc. Rep. 657.)

### PEOPLE ex rel. GINTER v. PROTESTANT EPISCOPAL HOUSE OF MERCY.

(Supreme Court, Special Term, Kings County.   February, 1908.)

1. CRIMINAL LAW—COMMITMENT—AGE OF ACCUSED.
     Under Laws 1882, p. 367, c. 410, § 1466, as amended by Laws 1886, p. 559, c. 353, a minor committed to the Protestant Episcopal House of Mercy by a city magistrate of New York can be detained only during her minority, and the magistrate must adjudge and state in his commitment the exact age of the prisoner.

**2. HABEAS CORPUS—ERROR IN COMMITMENT—CORRECTION.**

A commitment to the Protestant Episcopal. House of Mercy which does not contain an adjudication and statement of the exact age of the prisoner is not invalid, where it recites that she is of the age of 21 years, but the prisoner on habeas corpus should be remanded to the magistrate who made the commitment in order that a proper commitment may be made.

Application by the people, on the relation of Rosie Ginter, for writ of habeas corpus against the Protestant Episcopal House of Mercy. Prisoner remanded to the city magistrate.

F. E. Goldsmith, for petitioner.
John B. Pine, for respondent.
William Travers Jerome, Dist. Atty.

CARR, J.  The petitioner has been committed to the Protestant Episcopal House of Mercy by a mandate of a city magistrate of the city of New York, to be detained for the term of three years under the provisions of section 1466 of the Consolidation Act of 1882, Laws 1882, p. 367, c. 410, as amended by chapter 353, p. 559, of the Laws of 1886. On this application she asks for her discharge, on the ground that the commitment is fatally defective. Under the law in question,. if she were a minor at the time of her commitment, she could be detained only during her minority. It has been held that it is the duty of the magistrate, in a commitment of this character, to adjudge and state the exact age of the prisoner. People ex rel. Kuhn v. House of Mercy, 133 N. Y. 207, 30 N. E. 853. If the commitment does appear to adjudge and state the exact age of the prisoner, such adjudication can be reviewed only by appeal in the proceeding itself and not challenged on the return to the writ of habeas corpus. Ut supra. The commitment in this case is on a printed form, in which there is, a recital as follows:

"Whereas, Rosie Ginter, a female actually and apparently over the age of twelve years, to wit, the age of twenty-one years, was duly brought before me for examination," etc.

It then proceeds as follows:

"I having in due form of law examined such complainant and the witnesses. before me produced, etc., and it appearing and having been proven to me and to my satisfaction by competent testimony and evidence, and by the confession of such female, that the said female is on the day last aforesaid actually and apparently over the age of twelve years, to wit, of the age of —— years. having been born in the year 1886," etc.

There is here no determination by the magistrate as to the exact age of the prisoner. She was brought before him on the 24th of December, 1907, and committed on the same day. The fact that she was born in the year 1886 did not make her necessarily 21 years of age on the 24th day of December, 1907.

I do not think that the commitment complies with the requirements. of the law, as interpreted in the decision of the Court of Appeals, before cited. This, however, does not entitle her to a discharge from. custody, as the act in question expressly provides as follows:

"Provided, however, that no commitment made under this act, which shall recite the facts upon which it is based shall be deemed or held to be invalid by reason of any imperfection or defect in form."

I think that the prisoner should be remanded to the city magistrate who made the commitment, in order that a proper commitment may be made as required by law. Let an order be submitted accordingly.

Ordered accordingly.