(62 Misc. Rep. 25.)

PEOPLE ex rel. SAFIAN v. SUPERINTENDENT, AGENT, OR WARDEN OF PROTESTANT EPISCOPAL HOUSE OF MERCY.

(Supreme Court, Special Term, Kings County.   January, 1909.)

CRIMINAL LAW (§ 999*)—COMMITMENT—VALIDITY.

A commitment to a reformatory under Laws 1882, p. 1, c. 410, as amended by Laws 1903, p. 1022, c. 436, which fails to state the age of the female committed, as required by such statute, is invalid, and a person detained on such a commitment will be discharged.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 999.*]

Habeas corpus by the People, on the relation of Minnie Safian, against the Superintendent, Agent, or Warden of the Protestant Episcopal House of Mercy.   Relator discharged.

Harry S. Lucia, for relator.
Frederick deP. Foster, for defendant.

BLACKMAR, J.   The defendant returns that the relator is held under a commitment by a magistrate for a term of six months.   The relator traverses the return and demurs to the sufficiency of the commitment.

The commitment states that the relator is committed for six months under the provisions of chapter 410, p. 1, of the Laws of 1882, as amended by chapter 353, p. 559, of the Laws of 1886.   This chapter, however, is further amended by chapter 436, p. 1022, of the Laws of 1903, and the sufficiency of the return must be tested by such law.   The law, as amended, provides that every commitment made under the act shall state the name and age of the female, and that such commitment shall state the term of the commitment, which, if the female is an adult, shall be three years, or, if such female is a minor, during her minority, unless sooner discharged by the trustees, etc.   The commit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment does not state the age of the relator, reciting simply that she was over the age of 12 years, "to wit, of age of ——— years." The age of the relator is an essential fact upon which the commitment is based. Upon this fact, as determined by the magistrate, depends his power either to commit for three years or only during minority, and the commitment during minority is subject to the power of the trustees to discharge her. The proviso that no commitment shall be held to be invalid by reason of any imperfection or defect in form is upon the condition that the commitment recites the fact upon which it was based. In this case the commitment is neither for three years nor for minority.

As the power to fix the term of imprisonment depends on the age of the female as found by the magistrate, and as the statute expressly requires this fact to be stated by the commitment, I therefore think that this commitment fails to state one of the facts upon which it was based, that the proviso saving a commitment which is defective as to form is not applicable, and that this commitment is void. I do not think the case of Kuhn v. House of Mercy, 133 N. Y. 207, 30 N. E. 853, in point. In that case the commitment did not make a finding as to age; but it was inartificially expressed, and any interpretation of the language of the commitment on this subject was sufficient to sustain it. In People ex rel. Ginter v. House of Mercy, 57 Misc. Rep. 657, 110 N. Y. Supp. 172, the commitment recited that the female was of the age of 21 years, indicating that the statement of the adjudication was a mere clerical error; whereas, in this case the commitment contains no recital of the age of the female, nor any adjudication thereon. Neither is there any authority for a commitment of six months.

It is not necessary to consider the other points raised by the relator's counsel. Writ sustained, and relator discharged.

Writ sustained, and relator discharged.