THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERT FORBES, Appellant, v. JOHN S. MARKELL, as Superintendent of the Onondaga County Penitentiary, Respondent.

*Police Court — a certificate of sentence under the Code of Criminal Procedure,* §§ 721–725, *is the only judgment of conviction required — burden of proof.*

The only judgment contemplated by the Code of Criminal Procedure as necessary in a Police Court, is the certificate of the sentence pronounced, which the court is required to make and sign by section 721 of that Code.

Imprisonment under such process, valid on its face, is *prima facie* legal, and the prisoner must assume the burden of impeaching its validity by showing a want of jurisdiction.

Error, irregularity or want of form is no objection, nor is any defect, which may be amended or remedied by a further entry on motion.

APPEAL by the relator, Bert Forbes, from an order and judgment of the county judge of Onondaga county, entered in the office of the clerk of the county of Onondaga on the 22d day of April, 1895, dismissing a writ of habeas corpus and remanding the relator to the custody of the defendant, with notice of an intention to bring up for review on said appeal every question of law or fact arising upon the trial of the writ of habeas corpus.

The relator was charged with resisting a police officer in violation of section 4, chapter 34 of the ordinances of the city of Syracuse, while the said officer, in the discharge of his duty, was arresting the relator for public intoxication and breach of the peace in a public place in the city of Syracuse.

*Hopkins & Bondy*, for the appellant.

*George W. Standen*, for the respondent.

MERWIN, J.:

In the petition made by Andrew Forbes on behalf of the relator for a writ of habeas corpus, it is alleged that he is held on a commitment issued by the police justice of the city of Syracuse, and that such commitment is illegal and void. There is no specification of any defect, except that it is dated March 15, 1885. A copy of the commitment is attached to the petition, and on its face it is quite apparent that the year of the date should be 1895, and that the defect was only clerical. No point is made as to this on this appeal, or that there is any other defect upon the face of the paper. Nor is it claimed that the Police Court did not have jurisdiction to try the relator and issue the commitment, or that the commitment is insufficient. The main point seems to be that there was no proper judgment in the Police Court.

By section 721 of the Code of Criminal Procedure, which relates to proceedings in Courts of Special Sessions and Police Courts, it is provided that when a conviction is had upon a plea of guilty or upon a trial, the court must make and sign a certificate in substantially the form as there given. By section 725 it is provided that the judgment must be executed by the sheriff or other proper officer upon receiving a copy of such certificate certified by the court or the county clerk. The commitment in the present case was a copy,

certified as required by section 725, of a certificate substantially in the form as provided by section 721. Upon its face it was a judgment. By section 723 it is provided that within twenty days after the conviction, the court must cause the certificate provided by section 721 to be filed in the office of the clerk of the county, and by section 724 it is provided that the certificate so made and filed, or a certified copy thereof, is conclusive evidence of the facts stated therein. It is not claimed that this certificate was not properly filed. The presumption is that the court, in that regard, did its duty. The burden of proof is on the relator. (*Matter of Heyward*, 1 Sandf. 701, 703; *People* v. *Cavanagh*, 2 Park. Cr. Rep. 650, 658.) In *People ex rel. Slatzkata* v. *Baker* (19 N. Y. St. Repr. 485) the certificate was held to be effectual though not filed.

In *People ex rel. Catlin* v. *Neilson* (16 Hun, 214) it was held that where a return to a writ of habeas corpus shows that the relator is held under a commitment issued by a Court of Special Sessions, after a trial and conviction by it, the only question presented is, whether or not such court had jurisdiction to try the relator and issue the commitment. " Where the imprisonment is under actual process valid on its face, it will be deemed *prima facie* legal, and the prisoner must assume the burthen of impeaching its validity by showing a want of jurisdiction in the magistrate or court whence it emanated. If he fail in thus impeaching it, his body is to be remanded to custody. Error, irregularity or want of form is no objection, nor is any defect which may be amended or remedied by a further entry on motion." (3 Hill, 661, note 31, and cases cited.)

In *People ex rel. Cook* v. *Smith* (28 N. Y. St. Repr. 306, 308) the court, in speaking of the certificate under section 721, says: " The statute does not require that any judgment should be entered in the minutes of the court. In short, there is but one mode of rendering judgment and that is by pronouncing sentence, and there is but one record of the judgment and that is the certificate of the sentence pronounced."

The Police Court was not a court of record, and the provisions of section 721 *et seq.* were evidently intended to provide for the form and preservation of its judgments. It is reasonable to presume that the certificate set out in section 721 was designed to be the record of the conviction. If so, as the police justice had concededly

jurisdiction of the person and subject-matter, the relator had no basis for relief on a writ of habeas corpus. The evidence, therefore, as to whether the record kept by the clerk of the police justice was insufficient or incomplete was not important. Nor is it material to inquire whether the police justice had a right, after the present proceedings were commenced, to correct the minutes of his clerk and make them conform to his own. If the county judge erred in his rulings in regard to evidence on these subjects (1 Crary Spec. Pro. [3d ed.] 387; Hurd on Habeas Corpus [2d ed.], 304) the relator was not prejudiced.

We find no good reason for disturbing the order appealed from, and it should, therefore, be affirmed.

HARDIN, P. J., and PARKER, J., concurred.

Order affirmed.