(118 App. Div. 457)

PEOPLE ex rel. DAUCHY v. PITTS, Sheriff, etc.

(Supreme Court, Appellate Division, Third Department.   March 13, 1907.)

HABEAS CORPUS—AUTHORITY FOR RESTRAINT.

One is not illegally deprived of his liberty by the keeper of a prison because the warrant of commitment is not signed, there being no requirement that it should be signed; and the authority for the detention being the sentence, a certified copy of which should be delivered the jailer, under Code Cr. Proc. § 486, providing that the authority for the execution of a judgment is a certified copy of the entry thereof on the minutes, which must be furnished to the officer executing the judgment, and section 489, providing the sheriff must deliver such certified copy, with defendant to the keeper of the prison.

Appeal from Special Term, Albany County.

Habeas corpus on the relation of Fred Dauchy against Sebastian W. Pitts, sheriff of the county of Albany, and custodian of the penitentiary of such county. From an order refusing to discharge relator, and remanding him to custody, he appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James J. Bayard, Jr., for appellant.

George Addington, Dist. Atty., for respondent.

SEWELL, J. The relator sued out a writ of habeas corpus, claiming to be illegally deprived of his liberty by the keeper of the Albany County Penitentiary. It appears that he was held under a judgment of the Otsego County Court, which recites that the defendant was duly indicted for the crime of assault in the second degree; that he was duly arraigned and pleaded not guilty; that he was duly tried by the court and a jury, and convicted upon such trial of the crime of assault in the third degree; that the district attorney moved for judgment; that the defendant waived his right to delay, and requested to be sentenced at once, and thereupon the said Fred L. Dauchy was "by law and the court, on this 7th day of August, sentenced to be confined in the Albany County Penitentiary for the term of nine months." The recorder after hearing the relator, declined to discharge him, and remanded him to the custody of the keeper of the Albany County Penitentiary, to be confined therein in accordance with the terms of his sentence, and dismissed the writ.

The relator claims that he is not detained by virtue of a proper warrant of commitment, in that the paper purporting to be a copy of the record of the Otsego County Court is unsigned, and does not conform to the requirements of sections 486 and 487 of the Code of Criminal Procedure. There is no provision requiring a warrant of commitment to be signed by the judge or justices pronouncing judgment, or by a clerk of the court, on the trial of an indictment. Section 486 of the Code of Criminal Procedure provides that the authority for the execution of a judgment is a certified copy of the entry thereof upon the minutes; that it must be furnished to the officer whose duty it is to execute the judgment; and that no other warrant or authority is necessary to justify or require its execution. Section 489 provides that "the sheriff must deliver a copy of the entry of the judgment upon the minutes of the court, together with the body of the defendant, to the keeper of the prison in which the defendant is to be imprisoned." The judgment referred to in these sections, is the sentence of the court, and a certified copy of it, as entered on the minutes, is all that is required.

As was said in People ex rel. Trainor v. Baker, 89 N. Y. 460:

"The relator was not detained or required to be detained by virtue of any warrant. He was detained by virtue of the judgment of the court, and that judgment was a sufficient authority for his detention. The warrant of commitment is simply an authority and direction to the sheriff or other officer to convey the prisoner to the penitentiary. That needs not necessarily to be left with the keeper. If he has no other evidence of his authority to detain

the prisoner, he should have that. But if the officer who brings the prisoner to the penitentiary furnishes the keeper with a certified copy of the judgment of the court, then that is sufficient evidence of the keeper's authority, and he needs to have no other." People v. Bradner, 107 N. Y. 4, 13 N. E. 87.

I think the order of the recorder should be affirmed. All concur.