PEOPLE ex rel. BEDELL v. FOSTER, Sheriff.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. CRIMINAL LAW (§ 1208*)—SENTENCE—INDETERMINATE SENTENCE.

Under the express provisions of Pen. Code, § 699, when the term of imprisonment of a male convict is fixed at one year or less, the court may direct imprisonment in a county penitentiary, instead of in a state prison; and, where a convict is sentenced to a county penitentiary under the section, an indeterminate sentence is not required, as section 687a, providing that persons never before convicted of a state prison offense, who are convicted of certain offenses and sentenced to a state prison, shall be sentenced under an indeterminate sentence, applies only to a convict "sentenced to a state prison."

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1208.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INDICTMENT AND INFORMATION (§ 131*)—JOINDER OF COUNTS—ACTS CONSTI-
   TUTING DIFFERENT OFFENSES.
   Where the grand jury had jurisdiction of a felony charged, its jurisdic-
   tion was not affected by the fact that the same acts also constituted a mis-
   demeanor; and, under Code Cr. Proc. § 279, it could charge the different
   crimes in different counts of the indictment.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.
   § 424; Dec. Dig. § 131.*]

3. CRIMINAL LAW (§ 93*) — JURISDICTION — OFFENSE ARISING OUT OF MAJOR
   CRIME.
   Where a court has jurisdiction of a major crime charged, its jurisdic-
   tion extends to any crime arising out of the same facts; and hence, hav-
   ing jurisdiction of grand larceny in the second degree, charged in one
   count of an indictment, it would have jurisdiction of a misdemeanor
   charged in another count, based upon willfully and unlawfully taking and
   carrying away the same property charged to have been stolen in the first
   count.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 137–166;
   Dec. Dig. § 93.*]

4. HABEAS CORPUS (§ 17*)—AUTHORITY FOR RESTRAINT.
   The authority of a prison keeper for holding a convict is the certified
   copy of the entry of the judgment of conviction.
   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 13; Dec.
   Dig. § 17.*]

Appeal from Special Term, Nassau County.

Habeas corpus and certiorari by the People, on the relation of
George W. Bedell, against Joseph H. Foster, Sheriff of Nassau Coun-
ty. Judgment of dismissal, and relator appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and
RICH, JJ.

H. Willard Griffiths, for appellant.
Franklin A. Coles, for respondent.

RICH, J. Appellant is detained in the penitentiary of the county
of Nassau, under a sentence for one year, upon a judgment of con-
viction for grand larceny in the second degree. He avers that he is
imprisoned illegally, in that the sentence pronounced against him is
contrary to law, that the court was without jurisdiction to try him, and
that the warrant or order under which he is imprisoned does not con-
form to the judgment of conviction.

The first contention is based upon the assumption that it was ob-
ligatory upon the court to sentence him to imprisonment in a state
prison under the provisions of section 687a of the Penal Code. This
assumption is erroneous. Under the provisions of section 699 of the
Penal Code authority is vested in the court, when the term of im-
prisonment of a male convict for felony is fixed at one year or less,
to direct imprisonment in a county penitentiary, instead of in a state
prison, and section 687a applies only to a convict "sentenced to a
state prison."

The contention of want of jurisdiction is predicated upon the fact
that the indictment contains two counts. The first charges grand lar-
ceny in the second degree. The second, after averring the same facts,

charges the crime of willfully and unlawfully taking and carrying away the same property which the first count charged him with having stolen. The crime charged in the first count is a felony; in the second, a misdemeanor. It is argued that, in the absence of a certificate under the provisions of section 57 of the Code of Criminal Procedure, the Supreme Court was without jurisdiction to inquire into the matter, and that the jurisdiction of the grand jury was limited by that of the court of which it is an appendage. This contention is without merit. The grand jury had jurisdiction of the felony charged, notwithstanding the same facts might constitute an additional and different crime. Section 279, Code Cr. Proc. Having jurisdiction of the major crime, the court had jurisdiction of any crime arising out of the same facts.

Under the third assignment of error it is contended that the minutes of the trial court show that the defendant was convicted of both crimes charged in the indictment, while the certificate of conviction recites grand larceny in the second degree. It is sufficient answer to this contention to say that this does not appear by the record before us. The authority for holding the defendant is the certified copy of the entry of the judgment of conviction. People ex rel. Trainor v. Baker, 89 N. Y. 466; People ex rel. Dauchy v. Pitts, 118 App. Div. 457, 103 N. Y. Supp. 258.

The order must be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.