---

## SUPREME COURT — SPECIAL TERM — NEW YORK.

### April, 1923.

## THE PEOPLE v. SAMUEL GOLDSTEIN.

(120 Misc. 630.)

(1) HABEAS CORPUS—IMMATERIAL OMISSION IN CERTIFICATE OF CONVICTION DOES NOT ENTITLE DEFENDANT TO FREEDOM.

Relator held under a certificate of conviction which described the offense merely as "disorderly conduct," sued out a writ of habeas corpus to obtain his discharge on the plea that the certificate of conviction did not comply with the requirement of section 721 of the Code of Criminal Procedure, that it "briefly describe the offense." Upon the return made to the writ it appeared that the relator was arraigned upon a complaint in due form, fully apprised of the charge against him, accorded an ample and fair hearing, pleaded guilty to the charge, and was manifestly convicted of the offense of disorderly conduct tending to provoke a breach of the peace. *Held*, that in the circumstances the error of omitting from the commitment after the words "disorderly conduct" the words "such as in the opinion of the magistrate tends to a breach of the peace" or other similar phraseology was merely clerical and will be disregarded and the writ of habeas corpus dismissed.

(2) SAME—LEAVE TO FILE AMENDED RETURN.

Where the original return submitted only the ''commitment'' to which relator demurred, leave to file an amended return including the original complaint with the magistrate's notation and the minutes of the trial will be granted though opposed by relator, with an exception to him.

APPLICATION for writ of habeas corpus.

*K. Henry Rosenberg,* for relator.

*Joab H. Banton,* District Attorney (*Edwin P. Kilroe* and *Michael J. Driscoll,* of counsel), for defendant.

BIJUR, J.:

This is an application for a writ of habeas corpus for the discharge of relator on the plea that the certificate of conviction fails to comply with the requirement of section 721 of the Code of Criminal Procedure, that it briefly designate the offense, because it describes the offense merely as '' disorderly conduct.'' The certificate is signed by the magistrate who tried the relator. In considering the certificate of conviction it is to be borne in mind that, although occasionally spoken of as a '' commitment,'' the exacting rule applicable to a commitment for examination or to answer as prescribed in section 213 et seq. of the Code of Criminal Procedure is not controlling. '' In cases where a party has been tried and convicted of a crime the office of a commitment is superseded by the judgment. The accused may then be detained in custody by virtue of a certified copy of the judgment, and a formal commitment is not necessary, and if necessary can be supplied at any time; but a defect in the commitment is no ground for the discharge of the accused as long as there is a valid judgment of conviction behind it.'' (People ex rel. Allen v. Hagen, 170 N. Y. 46, 52.) '' But we have no doubt that if the minutes of the court furnished to the keeper imperfectly described the crime of which the relator was con-

victed, he could, upon the return to the writ, *show by the records of the court* what the precise crime was, and thus that the sentence was regular and legal, and the detention authorized thereby. It is the judgment of the court which authorizes the detention, and that can always be shown in justification of the detention." (People ex rel. Trainor v. Baker, 89 N. Y. 460, 466.) It is suggested, however, that the only judgment pronounced in a Magistrate's Court is the certificate of conviction itself and that there exists no "record" to be examined in its support. Assuming that the judgment of the court is evidenced by the certificate of conviction (People ex rel. Forbes v. Markell, 92 Hun, 286; People ex rel. Kuhn v. P. E. House of Mercy, 133 N. Y. 207), I do not think that it can be successfully maintained that there is no sufficient record for examination in view of sections 107 and 108a of the Inferior Criminal Courts Act (Laws of 1910, chap. 659), providing in section 108 for records of these courts and for stenographers therein. (See also People v. Giles, 152 N. Y. 136.) In addition thereto we have the provision of section 94 continuing in effect the previous procedure on appeal which manifestly contemplated examination of something other than the mere certificate of conviction, as illustrated in People ex rel. St. Clair v. Davis (143 App. Div. 576). The implication also to be derived from section 684 of the Code of Criminal Procedure that an error or mistake in any pleading or proceeding should not render it invalid is that some examination must necessarily be made back of the pleading or process in order to determine whether there has been error and, if so, of what kind. That this provision applies to a warrant of commitment has been held in People ex rel. Smith v. McFarline (50 App. Div. 95). An examination of the record in the present case shows that the relator was arraigned upon a complaint in due form; was fully apprised of the charge against him; was accorded an ample and fair hearing; pleaded guilty to the charge, and was manifestly convicted of the offense of disorderly conduct tending to

provoke a breach of the peace. Under these circumstances it seems to me that the error of omitting from the commitment after the words " disorderly conduct," the words " such as in the opinion of the magistrate tends to a breach of the peace" or similar phraseology, is merely clerical and should be disregarded. It may not be inept to note also that although there are a number of expressions in opinions of various courts to the effect that mere disorderly conduct is not a punishable offense, it is the generic name for the offense, amplified or limited as the case may be by the phrase " tending to a breach of the peace." This is well illustrated by the fact that the Consolidation Act (§ 1562), which provides that the magistrate may impose a fine and prison sentence in addition to holding the offender under bonds, as provided in sections 1458 and 1459, speaks of the offense solely as disorderly conduct, the opening sentence reading: " In all cases of arrest for intoxication or disorderly conduct in the city of New York the police justices shall have power," etc. The original return submitted only the " commitment " to which relator demurred. Thereupon the respondent asked leave to file an amended return, including the original complaint with the magistrate's notation and the minutes of the trial. Although that application is opposed by relator's counsel, I think it is warranted and have accordingly allowed the same, with exception to relator. Writ dismissed accordingly.

Ordered accordingly.