THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER WOJEK, Relator, *v.* WARREN HENDERSON, Superintendent of Monroe County Penitentiary, Respondent.

Supreme Court, Monroe County, June 1, 1929.

*Clay & Friedman*, for the relator.

*William F. Love, District Attorney*, for the respondent.

KNAPP, J.   Alexander Wojek was, on the 2d day of May, 1929, charged by an information with the crime of assault in the third degree.

On the 3d day of May, 1929, he was arrested and arraigned before the police justice of the village of East Rochester, at which time the charge was read to him and he was advised of his rights under the Code of Criminal Procedure, and the case was adjourned to May 4, 1929, for a hearing.   On that day the relator appeared and the hearing was adjourned to May 7, 1929.

On the 7th day of May, 1929, relator appeared together with his counsel and demanded a jury trial, which was granted, and the case was adjourned to the 14th day of May, 1929.   On May 9, 1929, the relator personally appeared before the arraigning magistrate and pleaded guilty to the charge of assault in the third degree, at which time sentence was imposed upon the relator.

The relator claims that the magistrate lost jurisdiction of the case by the taking of any steps between the 7th day of May, 1929, and the 14th day of May, 1929, to which time the case had been adjourned, and that is one of the questions presented to this court.

The police justice had jurisdiction of the offense.   (Code Crim. Proc. § 56, subd. 2.)   The arrest of the defendant without a warrant was proper.   (*People* v. *Jeratino*, 62 Misc. 587; *Matter of Blum*, 9 id. 571; *People* v. *Burns*, 19 id. 680.)

The magistrate had jurisdiction of the person of the defendant.

The defendant, by voluntarily appearing before the magistrate on the 9th day of May, 1929, and voluntarily pleading guilty, waived any irregularity in the proceedings, if there was any such irregularity.

Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory and even constitutional rights. (*Matter of New York, Lackawanna & Western R. R. Co.*, 98 N. Y. 447; *People* v. *Gowasky*, 244 id. 451; *Diaz* v. *U. S.*, 223 U. S. 442.)

Upon the subject of a waiver of statutory and constitutional rights there should be noted the exception to the rule that waiver is not permitted where a question of jurisdiction or fundamental rights is involved and public injury would result. A privilege, merely personal, may be waived; a public fundamental right, the exercise of which is requisite to jurisdiction to try, condemn and punish, is binding upon the individual and cannot be disregarded by him. (*People ex rel. Battista* v. *Christian*, 249 N. Y. 314.)

The exception to the rule, however, does not apply here. There is no public policy affected by this relator's having appeared before the magistrate and pleaded guilty to the crime with which he was charged. No constitutional nor statutory rights were affected by his election, and having elected to plead guilty in preference to a trial before a jury and the judgment of the court having been made, the law does not permit him to now say that his election and waiver were invalid.

A prisoner may waive the requirement that written information be filed before the arrest. (*People ex rel. Farley* v. *Crane*, 94 App. Div. 397.)

A defendant waives an objection to the sufficiency of the information by going to trial without objection. (*People* v. *Cook*, 45 Hun, 34.)

A defendant may waive the form of a charge on oath, arrest and examination and give bail, and his bail will be valid. (*Champlain* v. *People*, 2 N. Y. 82.)

A defendant may waive the question of the jurisdiction of his person. (*Matter of Blum, supra.*)

The prisoner may even waive the right to a trial at the hands of a jury on the merits by pleading guilty. (*People* v. *Rathbun*, 21 Wend. 509.)

It would seem from the above citations of authority that the conviction of the defendant upon his plea of guilty, even though made before the return day, is valid.

The relator raises the additional question that the record of con-

viction is defective, and that, therefore, the superintendent of the penitentiary is holding him under an irregular mandate.

The record of conviction states that the defendant is charged with " Vio. sec. 244 par. 1, Assault, third degree." The recitation in the record of conviction is as follows: " and the above named Alex Wojek having thereupon pleaded guilty and failed to demand a jury and having been thereupon duly tried and upon such trial duly convicted."

The form of a certificate of conviction is prescribed by section 721 of the Code of Criminal Procedure, which provides that a substantial compliance is only required.

Section 684 of the Code of Criminal Procedure provides as follows: " Neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right."

The return upon this writ shows that the defendant was convicted upon his plea of guilty. A defect in the commitment is no ground for the discharge of the accused as long as there is a valid judgment of conviction behind it. (*People ex rel. Allen v. Hagan,* 170 N. Y. 46.)

A formal commitment is not necessary and, if necessary, can be supplied at any time. (*People ex rel. Goldstein v. Warden of Penitentiary,* 120 Misc. 630; *People ex rel. Trainor v. Baker,* 89 N. Y. 460.)

It is the judgment of the court which authorizes the detention and that can always be shown in justification of the detention. (*People ex rel. Trainor v. Baker, supra.*)

A commitment is a warrant, order or process by which a court or magistrate directs a ministerial officer to take a person to prison or to detain him there. (*People ex rel. Allen v. Hagan, supra.*)

A statement of the crime in the commitment, according to its statutory definition, is sufficient. (*People v. Johnson,* 110 N. Y. 134.)

Assault in the third degree is a sufficient compliance with the statute naming the offense. (*Matter of Bartholomew,* 106 App. Div. 371.)

The record in this case showing that the defendant was convicted upon his plea of guilty is a sufficient warrant for his detention.

The question of the severity of the sentence cannot be determined in this proceeding. An appeal from the conviction would present an opportunity to the relator to review that question.

The writ is dismissed and the defendant remanded to the custody of the superintendent of the Monroe County Penitentiary.