THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM DUNHAM, Appellant.

County Court, Delaware County, August 15, 1933.

*Robert B. Craft, District Attorney*, for the people.

*Harold C. Vrooman*, for the defendant.

O'CONNOR, J. The defendant was brought before a Court of Special Sessions in the town of Davenport, Delaware county,

N. Y., on the 25th day of March, 1933, charged with willfully and lewdly exposing his person in violation of section 1140 of the Penal Law. He pled guilty to the charge and was sentenced to six months in the county jail. The execution of the sentence was suspended and he was placed upon probation. The justice entered the minutes of the proceedings, including the imposition of the sentence and its suspension, upon his docket and made out a certificate of conviction and filed it in the county clerk's office April 7, 1933, but through inadvertence he failed to sign it.

Some time between the 1st and the 18th of June, 1933, said justice went to the county clerk's office and signed the certificate of conviction on file in that office. On the 19th day of June, 1933, the defendant made application for and obtained an allowance of an appeal from the decision of said Court of Special Sessions to the County Court. The sole ground of this appeal is the failure of the justice to sign the certificate of conviction. The conviction was had on the 25th day of March, 1933, and appeal was not taken until the 19th day of June, 1933, and in the opinion of the court the appeal should be dismissed because it was not taken within thirty days after judgment was rendered as provided by sections 521 and 750 of the Code of Criminal Procedure. (*People* v. *Brown*, 133 Misc. 732.) If this be true, it is not necessary for the court to pass upon the question as to whether the failure of the justice to sign the certificate of conviction renders the judgment void and entitles the defendant to be discharged. However, in fairness to the defendant, the court feels that it ought to also decide the question raised by him in relation to the certificate of conviction.

It is contended by the defendant that there is but one mode of rendering judgment, and that is the pronouncement of sentence, and there is but one record of the judgment, and that is the certificate of the sentence pronounced, and he cites in support of his contention *People ex rel. Cook* v. *Smith* (28 N. Y. St. Repr. 306); *People ex rel. Forbes* v. *Markell* (92 Hun, 286; 36 N. Y. 723); *People ex rel. Kuhn* v. *Protestant Episcopal House of Mercy* (133 id. 207), and section 721 of the Code of Criminal Procedure, which provides in part: " When a conviction is had upon a plea of guilty, or upon a trial, the court must make and sign a certificate in substantially the following form."

It is to be noted that in the present case the justice rendered judgment, pronounced sentence and made an entry thereof in his minutes on the same day that the defendant was convicted upon his plea of guilty. He also on that same day made out a certificate of conviction but through inadvertence neglected to sign it. This is the only error urged on this appeal.

In *People ex rel. Cook* v. *Smith* (*supra*), upon which defendant placed his main reliance, the justice issued and signed two certificates, the first of which contained a void judgment, and the second certificate, which was signed by him some time after the court had adjourned, was different from the first certificate, and it was not clear which of the judgments, whether that contained in the first certificate or that contained in the second certificate, was the one which he rendered at the time sentence was actually pronounced upon defendant.

In *People ex rel. Forbes* v. *Markell* (*supra*) the ground of the appeal was that the commitment was dated March 15, 1885, instead of March 15, 1895, the latter date being correct, and it was therein held that error, irregularity or want of form is no objection nor is any defect which may be amended or corrected by a further entry on motion, and the judgment of conviction was affirmed.

In *People ex rel. Kuhn* v. *Protestant Episcopal House of Mercy* (*supra*) the commitment stated that it had been proved by a competent witness and by the confession of the female that she was at the time of her commitment of the age of seventeen years, and her discharge was asked for on the ground that she was in fact then nineteen years of age and that her minority had terminated. It was held that the commitment was conclusive and that, although it did not state her exact age, that was not a fatal defect.

In *Lattimore* v. *People* (10 How. Pr. 336) the rendition of judgment was suspended at the request of the prisoner and the court held open until a future hour in that day at the same place, at which time the prisoner did not appear, and on the next day the prisoner was taken before the justice in another place from where the court was held on the previous day and judgment was rendered upon the verdict; such judgment was held a nullity because it did not appear that there was any continuance of the court after the preceding day by holding open or postponement or otherwise. In the present case there was no adjournment of the court, sentence was pronounced and entered in the record at the time the defendant pled guilty, and the only error committed was that the justice did not sign the certificate of conviction.

In *People ex rel. Wojek* v. *Henderson* (134 Misc. 228) it is held that a defect in the commitment is not a ground for discharge of accused as long as there is a valid judgment of conviction behind it, under sections 684 and 721 of the Code of Criminal Procedure, and that a formal commitment is not necessary and if necessary can be supplied at any time. (*People ex rel. Goldstein* v. *Warden of Workhouse*, 120 Misc. 630; *People ex rel. Trainor* v. *Baker*, 89 N. Y. 460.) But the defendant claims that these cases are to be distinguished

from the present case by reason of the fact that in those cases the court was a continuing court, while in the case at bar the Court of Special Sessions was organized only *pro hac vice* — for the trial and judgment in each particular case — and is *functus officio* when judgment is rendered therein and a certificate of such judgment is made, signed and delivered to the sheriff or constable.

*People ex rel. Smith* v. *McFarline* (50 App. Div. 95) is directly in point and seems to be conclusive answer to this contention of defendant. In that case a mistake was made in a warrant committing the defendant to jail for failing to comply with an order of filiation consisting in the use therein of the words " Court of Sessions " instead of " County Court," and it was there held that such a mistake did not actually prejudice or tend to prejudice the prisoner in respect to a substantial right, and should, therefore, be disregarded, under section 684 of the Code of Criminal Procedure. It was also held that the defect, if any, was corrected by a warrant subsequently issued by the commiting magistrate in all respects the same as the original except that the words " County Court " were substituted for the words " Court of Sessions " in each instance where the latter was used in the original warrant. In that case the court was one specially constructed for the purpose of that particular proceeding and Mr. Justice LAUGHLIN, writing for the court, all justices concurring (at p. 100), says: " But if it were impossible to sustain the imprisonment on account of the misnomer of the court in the original warrant of commitment, the relator could have been lawfully detained under the corrected warrant. The case is quite unlike those where it has been held that when an illegal sentence is pronounced by a local court of inferior jurisdiction, the prisoner must be discharged because the magistrate's authority is at an end. (*People ex rel. Johnson* v. *Webster*, 92 Hun, 378; *People ex rel. Cook* v. *Smith*, 28 N. Y. St. Repr. 306; *People* v. *Starks*, 17 id. 234.)

" By the express terms of the statute governing those cases the sentence, certificate of conviction and commitment were acts of the court, and the sentence required the exercise of discretion and judgment. Here the commitment is required to be made, not by the court, but by the magistrates or either of them, and there is no discretion to be exercised, for the statute is mandatory and imperative and points out just what shall be done. The order of filiation being legal, a compliance with this statutory duty devolving upon the magistrates, or either of them, could be enforced by mandamus; for until such a statute, vesting no discretion in them, be complied with, they are not *functus officio*. What they could be compelled

to do by the court they may lawfully do voluntarily. (*People ex rel. Emerson* v. *Alderman,* 65 Hun, 300, and cases cited.) "

In *People ex rel. Allen* v. *Hagan* (170 N. Y. 46, at p. 52) Mr. Justice O'BRIEN says: " In cases where a party has been tried and convicted of a crime the office of a commitment is superseded by the judgment. The accused may then be detained in custody by virtue of a certified copy of the judgment, and a formal commitment is not necessary, and if necessary can be supplied at any time; but a defect in the commitment is no ground for the discharge of the accused so long as there is a valid judgment of conviction behind it. (*People ex rel. Trainor* v. *Baker,* 89 N. Y. 460.) "

It is to be noted that the cases cited by the defendant in support of his contention are old cases. At that time there was a tendency on the part of the courts to give the defendant the benefit of the doubt even when only a technical defect existed and even though it permitted a concededly guilty person to escape. The attitude of the courts has changed greatly during the last few years and technical defects no longer avail defendant unless a substantial right is prejudiced.

The defendant has failed to convince the court that the failure of the justice in this case to sign the certificate of conviction has in any way actually prejudiced the defendant or tended to his prejudice in respect to a substantial right. That being so, this case comes squarely within the provisions of section 684 of the Code of Criminal Procedure and leads the court to the conclusion that the appeal of the defendant should be denied and the judgment of the Court of Special Sessions affirmed.

An order may be prepared accordingly.