Ernest E. L. Hammer, J.
The writ is dismissed and the prisoner remanded. Despite the statements made by the sentencing judge, the appellate courts have ruled that a sentence under the Parole Commission Law (Correction Law, art. 7-A) is necessarily based upon a previous determination that the offender is not incapable of correctional and reformatory treatment. It seems necessary to remark that sentencing judges should not indulge in explosive language indicative of a finding of fact that the defendant is incorrigible and beyond reform and then conclude with the seeming non sequitur of a sentence under the Parole Commission Law accompanied, as too often occurs, with a recommendation of three years’ incarceration. The decision here is required by controlling decisions of the appellate courts (People v. Thompson, 251 N. Y. 428, 432; People ex rel. Standik v. Ashworth, 9 Misc 2d 444, affd. 266 App. Div. 775). In People ex rel. Shapiro v. Keeper of City Prison (290 N. Y. 393) it was held in effect that on habeas corpus the Supreme Court would be exercising independent discretion, not authorized by law, if it reviewed the findings of another court.