Behjamiu P. Schreiber, J.
This writ of habeas corpus tests whether a parolee, in this case under a life sentence, may be sentenced to an indeterminate term upon conviction of a misdemeanor (Correction Law, §§ 203, 204). It appears that, upon separate misdemeanor convictions, two consecutive indeterminate sentences may not simultaneously be imposed (People ex rel. Gordon v. Ashworth, 290 N. Y. 285), and in consequence it has been held that a parolee under an indeterminate term may not be sentenced, upon another misdemeanor conviction, to another indeterminate term until the expiration of the first such term (People ex rel. Bernard v. Ashworth, 43 N. Y. S. 2d 366).
In my opinion, however, it is clear that a parolee under a fixed term may, in such case, be sentenced to an indeterminate term as a matter of law (People ex rel. Pellicano v. Ashworth, 265 App. Div. 853). Loss of civil rights (Penal Law, § 510) or civil death (Penal Law, § 511) cannot reasonably be said to preclude such sentence (cf. Matter of Lindewall, 287 N. Y. 347; Avery v. Everett, 110 N. Y. 317; People v. Feolo, 284 N. Y. 381) and, under the authorities, the possibility of benefit by such sentence is to be conclusively presumed from the very sentence, however incongruous (People v. Thompson, 251 N. Y. 428; People ex rel. Standik v. Ashworth, 9 Misc 2d 444, affd. 266 App. Div. 775; People ex rel. Pastore v. Ashworth, 9 Misc 2d 445).
Accordingly, the writ is dismissed.