Benjamin F. Schreiber, J.
On January 19, 1944, upon his plea of guilty to the crime of petit larceny, the relator’s sentence was suspended and he was placed on probation.
On March 7, 1945 the relator was sentenced to the Penitentiary of the City of New York for violation of probation.
The relator contends that, since, when sentenced to the penitentiary, the court referred to him as “ hopeless ”, he was improperly sentenced for an indeterminate term in the penitentiary and should have been sentenced to a fixed term of one year or fined or both. (Penal Law, § 1937.)
Under section 203 of the Correction Law an offender may not be sentenced who is ‘ ‘ mentally or physically incapable of being substantially benefited by being committed to a correctional or reformatory institution ”.
Under the authorities, the possibility of benefit by such sentence is to be conclusively presumed from the very sentence, however incongruous. (People v. Thompson, 251 N. Y. 428; People ex rel. Standik v. Ashworth, 9 Misc 2d 444, affd. 266 App. Div. 775; People ex rel. Pastore v. Ashworth, 9 Misc 2d 445; People ex rel. Halle v. Ashworth, 9 Misc 2d 451.)
The court cannot agree with the relator’s contention that the term of his probation was tantamount to a parole and that *449 the indeterminate sentence of three years inflicted a total punishment of four years and was therefore illegal. Probation is not a sentence, but is a relief from the operation of a sentence (Code Crim. Pro., § 470-a; People ex rel. Lehman v. Hunt, 255 App. Div. 931). The sentence is not affected by the probationary period.
Writ dismissed.