Benjamin F. Schreiber, J.
It is claimed by the relator that Anthony Granza is illegally detained by the Warden of the Penitentiary of the City of New York.
Granza was convicted by confession in the Court of Special Sessions of the City of New York, Bronx County, of the crime of conspiracy and on June 1, 1945, was committed to the penitentiary, there to be dealt with according to law.
Under section 203 of the Correction Law, which relates to sentences for an indeterminate term in the Penitentiary, it is provided that one who is ‘£ mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution” may not be sentenced to the penitentiary for an indeterminate term.
It is now contended that since, when he was sentenced, the court remarked “ I don’t see how we can extend any leniency in these cases because, of all the despicable people on earth, operating criminally, those who sell drugs are among the worst ’ ’, he was improperly sentenced for an indeterminate term in the penitentiary and should have been sentenced to a fixed term of not more than one year, or fined, or both.
*447 In other words, relator claims that the court could not have believed that the defendant could be benefited by the sentence imposed.
Under the authorities, the possibility of benefit by such sentence is to be conclusively presumed from the very sentence of the court, however incongruous. (People v. Thompson, 251 N. Y. 428; People ex rel. Standik v. Ashworth, 9 Misc 2d 444, affd. 266 App. Div. 775; People ex rel. Pastore v. Ashworth, 9 Misc 2d 445; People ex rel. Halle v. Ashworth, 9 Misc 2d 451; People ex rel. Schurman v. Ashworth, 9 Misc 2d 448.)
It is further claimed by the relator that the commitment issued by the Clerk of the court is void because it contains the words “ in accordance with Section 4, Chapter 579 of the Laws of 1915, of the State of New York ”, which law had been repealed by that time.
The judgment committing the defendant to the Penitentiary of the City of New York, there to be dealt with according to law pursuant to the Correction Law, is gathered from page 10 of the minutes of the court, where the following statement by the Presiding Justice appears: “ But we have no alternative in these cases but to send the defendants to the New York City Penitentiary. Let the Parole Board-.”
The reference to chapter 579 of the Laws of 1915 in the commitment is surplusage because there is no necessity of referring to the particular provision of the law under which a defendant is sentenced or committed.
This prisoner was properly and legally sentenced and may not be released because of the erroneous language appearing in the commitment. Our courts have held that such error may be corrected and that if the prisoner is in proper custody the commitment performs no office.
In People ex rel. Trainor v. Baker (89 N. Y. 460, 465) the court said: “ A prisoner who has been properly and legally sentenced to prison cannot be released simply because there is an imperfection in what is commonly called the mittimus. A proper mittimus can, if needed, be supplied at any time, and if the prisoner is safely in the proper custody, there is no office for a mittimus to perform.”
The writ is dismissed and the Clerk of the Court of Special Sessions in the City of New York, Bronx County, is directed to issue a proper commitment in accordance with the judgment imposed by said court.