THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUSTUS F. O'HARA, Relator, against WILLIAM G. MARSDEN, as Superintendent of Onondaga County Penitentiary, Defendant.

Supreme Court, Special Term, Onondaga County, July 28, 1950.

*A. Fairfax Montague* for relator.

*Jesse E. Cantor, District Attorney* (*Frank Del Vecchio* of counsel), for defendant.

SEARL, J. This is the return of a writ of habeas corpus, dated July 10, 1950. On the 29th day of May, 1950, the relator was sentenced to serve a term of six months upon a plea of guilty to public intoxication before TRUMAN H. PRESTON, Acting Justice of the Court of Special Sessions of the City of Syracuse. The Justice's docket is to effect that Justus F. O'Hara be imprisoned for a period of six months O. C. P., interpreted to mean Onondaga County Penitentiary. The certificate of conviction failed to state where relator was to be imprisoned. An amended certificate of conviction, dated July 10, 1950, has been presented specifying that the relator be imprisoned in the Onondaga County Penitentiary for six months. Relator urges that as the Court of Special Sessions is not a court of record, the original certificate is a nullity; that it cannot be amended for the reason that after the relator was remanded to the Onondaga County Penitentiary, any act on the part of the Court of Special Sessions, or the Justice thereof then presiding, would be *functus officio;* that the court, not being a continuing one, the Justice thereof has lost all jurisdiction.

Upon the argument, the learned assistant district attorney urged that the Court of Special Sessions of the City of Syracuse is a court of record, depending upon the wording contained in Gilbert's Annotated Criminal Code and Penal Law (20th ed., 1937, part 2, p. 29) wherein, under section 11 of part I, title I of the Code of Criminal Procedure, the following appeared: '' The Courts of Special Sessions and Police Courts are deemed inferior courts of record ''.

Research indicates that the aforesaid language as contained *in* Gilbert's Annotated Criminal Code and Penal Law was justified. The language of the session law (L. 1895, ch. 880, § 1) itself erroneously omitted the word '' not '', as evidenced by later action of the Legislature (L. 1941, ch. 255, § 2) following the recommendation of the Judicial Council (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 246).

Reference to the Judiciary Law (art. 2, § 2) enumerates all courts of record and then provides as follows: '' All courts other than those specified in this section are courts not of record.''

The statute is mandatory, although the Court of Special Sessions of the City of Syracuse is a continuing court, and handled by able and learned Judges, and although some cases hold that such court is one of record for specific purposes, the direct mandate of the statute must be recognized. Remedy must be sought, if at all, from the Legislature.

There is considerable force in the argument presented by counsel for the relator to the effect that a sheer statement in the commitment, which in this case is the certificate of conviction, to the effect that the defendant be imprisoned for a period of six months, might mean that he be detained or restrained of his liberty in a barn, in the woods, or at any other point that the officer to whom he was committed might see fit to incarcerate him. The answer, however, to this contention is found in chapter 338 of the Laws of 1850. The provisions contained in this chapter apparently are still in force and effect. The act is in relation to the penitentiary in the County of Onondaga and provides that: " All persons sentenced to confinement * * * (except in cases of conviction for felony) by any court held in the city of Syracuse or county of Onondaga, or by any justice of the peace, police justice or other magistrate * * * *shall* be sentenced to such confinement or imprisonment in the penitentiary of said county, there to be received, kept and employed in the manner now prescribed by law. And it shall be the duty of such court, justice or magistrate to cause all persons so sentenced to be conveyed forthwith by some proper officer * * * to said penitentiary ". (Italics inserted.)

Counsel for relator urges that as section 1937 of the Penal Law provides that a person convicted of a crime declared to be a misdemeanor, or for which no other punishment is specifically prescribed, or by any other statutory provision in force at the time of the conviction and sentence is punishable by imprisonment either in a penitentiary or county jail. Section 1938 of the Penal Law provides, however, that an act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction under one bars a conviction under any other provision. The argument is made that by the alternative of imprisonment in the penitentiary or county jail, the provisions of chapter 338 of the Laws of 1850 become null and void for the reason that section 2501 of the Penal Law provides that all acts and parts of acts which are inconsistent with the provisions of chapter 40 of the Consolidated Laws so far as they impose any punishment for crime are repealed. The answer to this argument is that punishment for public intoxication is specifically prescribed by virtue of section 1221 of the Penal Law relating to " intoxication in a public place."

Section 2 of chapter 338 of the Laws of 1850 provides for commitment to the penitentiary according to the rules and "regulations and disciplines" until discharged, as provided by law.

Section 3 thereof provides that: "It shall be lawful for any justice of the peace or other magistrate having jurisdiction thereof in the city of Syracuse or county of Onondaga in all cases of complaint for vagrancy to commit any person convicted upon such complaint * * * to said penitentiary for a term not exceeding six months."

The District Attorney, therefore, urges with some force that if a Justice of Special Sessions committed a defendant to any other jail or penitentiary for a definite period, other than to Onondaga County Penitentiary, an application would properly lie for such defendant's discharge.

The next question urged by the District Attorney is, even assuming the commitment was defective, still, if a valid judgment of conviction existed behind the commitment, such is sufficient (citing *People ex rel. Allen* v. *Hagan,* 170 N. Y. 46, 52). The court there holds that the office of a commitment is superceded by the judgment and that the accused may then be detained by virtue of a certified copy of the judgment and a formal commitment is not necessary and "if necessary can be supplied at any time; but a defect in the commitment is no ground for the discharge of the accused so long as there is a valid judgment of conviction behind it." (Citing *People ex rel. Trainor* v. *Baker,* 89 N. Y. 460.)

As bearing upon the argument that a valid judgment of conviction is behind the commitment, the District Attorney has filed a photostatic copy of the docket kept by the Justice showing that the defendant was charged with public intoxication at the New York Central depot on the 26th day of May, 1950, that the docket shows the case adjourned until June 2d, but then shows on the date of the arraignment, namely May 27, 1950, that defendant changed his plea of guilty. The docket contains the following notation: "Six months, O. C. P." Therefore, it would appear that there is a valid judgment of conviction existing: In *People* v. *Parr* (4 N. Y. Crim. Rep. 545) Supreme Court at Special Term in Ulster County, upon complaint, held that a sentence imposed by Special Sessions of the City of Albany wherein the sentence provided that the defendant be "imprsoned in the penitentiary for the term of six months" was not defective in failing to name in which penitentiary the

defendant was to be imprisoned, that there was but one penitentiary in which the defendant could be imprisoned.

In *People ex rel. Wojek* v. *Henderson* (134 Misc. 228) it was claimed a defective certificate of conviction existed. Relator was sentenced on a plea of guilty by a Police Justice of the Village of East Rochester, in a court not of record. He changed his plea of not guilty to a plea of guilty prior to the date to which the Justice adjourned the proceeding. This was one ground claimed for his release. In the matter now before the court, argument is made that the Justice of Special Sessions had marked upon his docket " June 2nd ", while the certificate of conviction is dated May 29th. After the adjourned date was inserted, the relator apparently changed his mind and pled guilty, as may be inferred from examination of the docket.

Also in the *Wojek* case (*supra*) the relator urged that the certificate of conviction was not in accordance with the form prescribed by section 721 of the Code of Criminal Procedure. The Justice sitting at Special Term, passing upon the writ, held that there was substantial compliance with section 721 of the code and refers to the fact that section 684 thereof provides that a departure from the form or mode prescribed by the code in respect to any pleadings or proceedings, " nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tends to his prejudice, in respect to a substantial right." The court also held that a defect in the commitment was in that instance no ground for the discharge of the accused as long as there was a valid judgment of conviction behind it, citing *People ex rel. Allen* v. *Hagan* (*supra*).

The court also held that a formal commitment was not necessary and, if necessary, could be supplied at any time, citing *People ex rel. Goldstein* v. *Warden of Penitentiary* (120 Misc. 630), and *People ex rel. Trainor* v. *Baker* (*supra*). The foregoing authority supports the contention of the District Attorney that even from a court not of record a defective certificate of conviction or commitment is not fatal so long as the rights of the relator are not prejudiced thereby. This same contention is borne out by a later decision in *People* v. *Dunham* (148 Misc. 744). The conviction was upon a plea of guilty in a court not of record. The Justice pronounced sentence and made an entry thereof on the minutes on the same day that the defendant was convicted. The Justice also on the same day made out a certificate of conviction but, through inadvertence,

neglected to sign it. The court held that as the defendant had not been prejudiced, the failure of the Justice to sign the certificate of conviction was not fatal, citing *People ex rel. Cook* v. *Smith* (55 Hun 604, opinion in 9 N. Y. S. 181, and 28 N. Y. St. Rep. 306, affd. 125 N. Y. 692); *People ex rel. Forbes* v. *Markell* (92 Hun 286); *People ex rel. Kuhn* v. *Protestant Episcopal House of Mercy* (133 N. Y. 207); *Lattimore* v. *People* (10 How. Prac. 336); *People ex rel. Wojek* v. *Henderson* (*supra*), also, *People ex rel. Smith* v. *McFarline* (50 App. Div. 95).

Lastly, counsel for relator urges that the commitment is defective in that it is signed by a deputy clerk of the Court of Special Sessions, and not by the Justice. Section 18 of chapter 188 of the Laws of 1928, relating to the Court of Special Sessions of the City of Syracuse provides that commitments and certificates of conviction may be signed by the clerk and that if one or more deputy clerks are appointed they shall have the same powers as the clerk of the court.

In *People ex rel. Porcilli* v. *Paddock* (County Ct., Onondaga Co., Oct. 6, 1937, MALPASS, J., unreported), upon the return of a writ of habeas corpus, Mr. Justice MALPASS, then County Judge of the County of Onondaga, held that a certificate of conviction upon which only the facsimile signature of the Justice of the Court of Special Sessions appeared by a rubber stamp was not defective.

It might well be argued that if the act of the Justice was valid that any act on the part of the deputy clerk in making out a defective commitment was a ministerial act only and could not invalidate the legal act of the Justice.

Upon the hearing of this proceeding, the court has received in evidence a photostatic copy of the docket of the Justice, as well as an amended certificate of conviction or commitment offered by the District Attorney and finds that no substantial rights of the relator have been prejudiced by failure to insert in the original commitment the words: " in Onondaga County Penitentiary." The writ is therefore dismissed and the relator remanded to serve the balance of his sentence.

Order accordingly.