The People of the State of New York ex rel. Lilly Harris, Respondent, *v.* Mary K. Lindsay, as Warden of the House of Detention for Women, et al., Appellants.

First Department, April 23, 1964.

*Milton M. Stein* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for appellants.

*Arnold Schildhaus* for respondent.

EAGER, J. The relator was convicted on December 23, 1963, by a Judge of the Criminal Court of the City of New York of a violation of section 131.03 of the Health Code of the City of New York, and on February 3, 1964, was duly sentenced by the Judge of said court to pay a fine of $200 and in addition, to be imprisoned in the House of Detention for Women of the City of New York for 90 days. Thereupon, she was delivered to the Warden of the said House of Detention for service of the term of imprisonment imposed by the judgment of conviction. However, upon petition alleging that her commitment was void and her restraint and imprisonment illegal and unconstitutional,

a writ of habeas corpus was issued and, pursuant thereto, she was produced at a Special Term of the Supreme Court on February 4, 1964. Upon a hearing then held, the court sustained the writ and directed that the relator be released upon the stated ground that the commitment, which was issued and signed by an Assistant Court Clerk, "does not meet the provisions of the statute providing for proper mode of commitment". The People have appealed from the said order of Special Term.

The relator contended at Special Term that she was entitled to her discharge from the custody of the Warden because no warrant of commitment had been issued and signed by a Judge of the Criminal Court. There had, however, been delivered to the Commissioner of Correction of the City of New York a copy of the minutes of the court setting forth the conviction and the sentence of the relator as aforesaid, stated to be "a true extract of the minutes", dated at "The City of New York, February 3, 1964", and signed by an Assistant Court Clerk.

It is the judgment of conviction of the Criminal Court which authorizes the detention of the defendant for the purpose of serving the sentence imposed thereby. As authority for receiving and detaining the defendant in execution of the judgment, all the Warden or other proper officer is required to have is proper evidence of conviction. (See *People ex rel. Allen* v. *Hagan,* 170 N. Y. 46, 52; *People ex rel. Trainor* v. *Baker,* 89 N. Y. 461; *People ex rel. Goldstein* v. *Warden of Penitentiary,* 120 Misc. 630.) The questions presented here are whether or not the afore-mentioned statement signed by an Assistant Court Clerk was proper evidence of the judgment of conviction and, in any event, whether, in view of the existence of such judgment, the relator was entitled to be discharged from custody of the Warden of the House of Detention.

By the adoption of article VI of the New York State Constitution, effective September 1, 1962, the former Court of Special Sessions of the City of New York was abolished and the Legislature was authorized to establish a city-wide court of criminal jurisdiction to have jurisdiction over crimes and violations of law other than those to be prosecuted by indictment. (See N. Y. Const., art. VI, §§ 15, 35.) Pursuant thereto, the Criminal Court of the City of New York was duly established by the Legislature (L. 1962, ch. 697) and it was provided that said court should be a court of record (N. Y. City Crim. Ct. Act, § 20). Except as otherwise expressly provided, the practice and procedure therein is governed by the provisions of the Code of Criminal Procedure applicable to county courts gen-

erally.[1] (See N. Y. City Crim. Ct. Act, § 41; Fifth Report of Joint Legis. Comm. on Court Reorganization, pp. 2, 43.)

Since the New York City Criminal Court Act contains no contrary provisions, applicable here is section 486 of the Code of Criminal Procedure which applies to commitments for the execution of a judgment of the County Court. Under said section, "a certified copy of the entry [of the judgment] upon the minutes must be forthwith furnished to the officer whose duty it is to execute the judgment; and no other warrant or authority is necessary to justify or require its execution." This section applies in connection with the commitment to carry out a judgment of conviction rather than the provisions of section 213 of the Code of Criminal Procedure. The latter section, providing for a commitment to be signed by the Magistrate, applies to commitments before trial or judgment, such as commitments pending an examination or to answer, and is inapplicable to a commitment following a judgment of conviction. (See *People ex rel. Goldstein* v. *Warden of Penitentiary,* 120 Misc. 630, *supra.*)

The proper authority for the Warden's holding of the relator is a certified copy of the judgment of conviction as it appears on the minutes of the Criminal Court. (N. Y. City Crim. Ct. Act, § 41; Code Crim. Pro., § 486; *People ex rel. Bedell* v. *Foster,* 132 App. Div. 116, 118.) Certainly, the Chief Clerk of the Criminal Court and any Court Clerk thereof would have the power to certify the copy of the minutes of a conviction in the court to be used for this purpose. (See Code Crim. Pro., § 486; Judiciary Law, § 255; N. Y. City Crim. Ct. Act, § 23.) The keeping of records of the court and certifying and furnishing true copies thereof are among the fundamental duties of a Clerk of the Court and his assistants. The acts are ministerial in nature and, therefore, the powers and duties of the Chief Clerk or a Court Clerk in this connection may be performed by a deputy or assistant. (See 11 C. J., Clerks of Courts, § 147, p. 913; 14 C. J. S., Clerks of Courts, § 90, p. 1271; *Lynch* v. *Livingston,* 8 Barb. 463, affd. 6 N. Y. 422;

1. Section 746 of the Code of Criminal Procedure applying to the former Courts of Special Sessions of the City of New York, provided that no transcript of a conviction in such court need be certified or filed; "but a copy of the minutes of the conviction, certified by the clerk, is conclusive evidence of the facts contained therein". It is significant that in connection with the repeal of said section 746, the Joint Legislative Committee expressly made note that the material of said section was not restated in the Criminal Court Act because the "new court will be a court of record and its procedures will be those of county courts generally."

*Jennings* v. *Newman,* 52 How. Prac. 282; *Matter of Donnelly,* 137 N. Y. S. 789, affd. 151 App. Div. 893. Cf. N. Y. City Crim. Ct. Rules, rule 13.)

In any event, it is expressly provided that departure from the form or mode prescribed by the statute in respect to the proceedings, or an error or mistake therein, will not invalidate the same unless the defendant is prejudiced in a substantial right. (Code Crim. Pro., § 684.) So, it is well settled that irregularities or defects in the proceedings for commitment pursuant to a judgment of conviction are not grounds for the discharge of the defendant from the custody of the Warden as long as there is a valid judgment of conviction underlying the commitment. (See *People ex rel. Allen* v. *Hagan, supra,* p. 52; *People* v. *Bradner,* 107 N. Y. 1; *People ex rel. Dauchy* v. *Pitts,* 118 App. Div. 457; *People ex rel. Wolosky* v. *McDonnell,* 116 N. Y. S. 2d 387, affd. 280 App. Div. 914; *People ex rel. Brown* v. *Baker,* 284 App. Div. 106; *People ex rel. Granza* v. *Johnston,* 9 Misc 2d 446, affd. 271 App. Div. 825; *People ex rel. O'Hara* v. *Marsden,* 201 Misc. 182; *People ex rel. Wojek* v. *Henderson,* 134 Misc. 228.) The fact is that it is the judgment of the court which authorizes the detention and such judgment in and of itself is sufficient authority for the detention in execution thereof. So, on the return of a writ of habeas corpus inquiring into the cause of the detention, the existence of the judgment can always be shown in full justification of the detention. (See *People ex rel. Trainor* v. *Baker, supra.*)

Finally, it is to be noted that on February 19, 1964, the Court Clerk himself signed and certified under the seal of the court the copy of the minutes which had been certified as a " true extract " by the Assistant Court Clerk under date of February 3, 1964 and which was before Special Term at the hearing held on February 4; and the same appears in the record. So now, in any event, there has been supplied due and proper evidence of the judgment of conviction outstanding against the relator; and, on basis thereof, the relator may properly be remanded to custody. (See *People ex rel. Trainor* v. *Baker, supra; People ex rel. O'Hara* v. *Marsden, supra; People ex rel. Goldstein* v. *Warden of Penitentiary, supra.*)

Since the relator was duly held by virtue of a judgment of a court of competent jurisdiction and has failed to sustain the burden of establishing any of the various grounds alleged to show illegality in her commitment and imprisonment, the order appealed from should be reversed, on the law, without costs, the petition dismissed, and the relator remanded to

the custody of the Warden of the House of Detention for Women. Settle order on notice.

BREITEL, J. P., McNALLY and STALEY, JJ., concur.

Order, entered on February 4, 1964, unanimously reversed on the law, without costs, the petition dismissed, and the relator remanded to the custody of the Warden of the House of Detention for Women. Settle order on notice.